# Fitzgerald *v.* Williamson.

*Statutory Action in nature of Ejectment.*

1. *Unrecorded deed; statutory protection to purchasers without notice.* As against subsequent purchasers and judgment creditors without notice, an unrecorded deed is inoperative and void (Code, §§ 1810-11); and possession, acquired or held under it, charges a purchaser or creditor with constructive notice, only when there is an actual change of possession.

2. *Testimony of party interested, as to transactions with decedent.*—In ejectment by the heirs or devisees of a deceased purchaser at execution sale, against a person in possession who claims under a prior unrecorded deed from the defendant in execution, which contains the usual cove-

[Fitzgerald v. Williamson.]

nants of warranty, but was not accompanied with any actual change of possession; said grantor and defendant in execution, being only liable on his covenants of warranty, has no pecuniary interest in the result of the suit, and is not disqualified (Code, § 2765) to testify that he gave notice of the unrecorded deed to the purchaser at execution sale prior to the rendition of his judgment.

APPEAL from the Circuit Court of Lee.
Tried before the Hon. J. M. CARMICHAEL.

A. & R. B. BARNES, and JNO. M. CHILTON, for appellant.

T. L. KENNEDY, contra.

STONE, C. J.—J. P. Fitzgerald instituted this statutory real action, against T. F. Williamson and T. L. Kennedy. J. P. Fitzgerald died testate, and the suit was revived in the names of his devisees as plaintiffs. The case presents but a single question.

The plaintiffs made title as follows: J. E. Williamson owned and was in possession of a half interest in the store-house and lot in controversy, and was indepted to J. P. Fitzgerald. This debt was reduced to judgments, and, under proper process issued upon them, a half interest in the premises was sold and conveyed by the sheriff to J. P. Fitzgerald, he being the highest bidder. The sale and conveyance were in October, 1882. The proceedings are in all respects regular, and no question is raised on them.

Kennedy was in possession simply as tenant, claiming no title. T. F. Williamson was his landlord, and claimed title in himself. His claim of title rests on testimony tending to prove the following facts: That in August, 1881, before Fitzgerald instituted his suits under which the lot was sold, but after the creation of the indebtedness on which the judgments were rendered, J. E. Williamson, for a valuable consideration, sold and conveyed his interest in the lot and store-house to T. F. Williamson, but no visible change was made in the possession of the premises. The deed contains the customary covenants of warranty. This deed was not placed on record, nor with the probate judge for registration, until June, 1882. Before that time Fitzgerald had recovered his judgments, executions had been levied on the property, and the Circuit Court had ordered its sale, the proceedings being regular. This gave Fitzgerald a lien on the premises, which would prevail over T. F. Williamson's

[Fitzgerald v. Williamson.]

unrecorded deed, in the absence of other proof.—*Dickerson v. Carroll*, 76 Ala. 377. And the change of title, without visible change of possession, can not operate as either actual, or constructive notice.—*King v. Paulk*, ante, p. 186.

To show notice to Fitzgerald of the prior sale and conveyance to T. F. Williamson, the attempt was made to prove by J. E. Williamson, that before Fitzgerald even instituted his suits, he, the witness, notified him, Fitzgerald, that he had sold and conveyed the store-house and lot to said T. F. Williamson. This testimony was objected to by plaintiffs, the objection overruled, the testimony admitted, and plaintiffs excepted. It will be remembered that the conveyance from J. E. Williamson to the said T. F. Williamson was by deed, with usual covenants of warranty.

J. E. Williamson is not a party to this suit.—Code of 1886, § 2765. Has he such an interest in the result as that he is disqualified on that account? It must be borne in mind that the declaration to the deceased, Fitzgerald, about which the witness was called to testify, was made, if made at all, after he had conveyed his interest in the lot in controversy to T. F. Williamson. Hence, this is not the case of a party rendered incompetent to testify as to an antecedent transaction, by the death of his adversary, who subsequently transfers his interest and title, and is then offered as a witness to prove such transaction with, or statement by the deceased adversary, made while the witness was the party in adverse interest.

If the witness, J. E. Williamson, had any interest in the result of this suit, that interest hinged on the covenants of warranty contained in his deed to T. F. Williamson. If those covenants were broken, then J. E. Williamson was liable to make good the damage resulting from the breach, and his liability extended no farther. If T. F. Williamson lost the suit, and thus lost his purchased interest in the lot and store-house, he lost them, not on account of defect of title in J. E. Williamson, nor want of authority in him to convey—he lost them through his own neglect and inattention. The duty rested on him to have his deed recorded; to take actual possession of the premises, or otherwise to give such notice as to prevent the accrual of adversary rights or liens. This was no breach of J. E. Williamson's warranty, and consequently he had no pecuniary interest in the result of the suit, and was not disqualified to testify in the manner he did.—3 Brick. Dig. 826; *Miller v. Cannon*, 84 Ala. 59.

Affirmed.