# Troy *v.* Walter Bros.

*Bill in Equity by Purchaser, for Removal of Cloud on Title, Injunction of Action at Law, and other Relief.*

1. *Unrecorded deed; statutory protection to purchasers without notice.* As against subsequent purchasers and judgment creditors without notice, an unrecorded deed is inoperative and void (Code, §§ 1810-11); and possession, acquired or held under it, charges a purchaser or creditor with constructive notice *only* when there is an actual change of possession.

| 87 | 233 |
| 98 | 447 |
| 87 | 233 |
| 101 | 403 |
| 87 | 233 |
| 106 | 435 |
| 87 | 233 |
| 111 | 604 |
| 87 | 233 |
| 129 | 291 |
| 87 | 233 |
| 137 | 275 |

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 2d July, 1887, by Walter Brothers, suing as partners, against D. S. Troy, J. T. May, and C. B. Ferrell; and was called an "original bill in the nature of a cross-bill to a suit instituted by said May

against said Walter Brothers, Troy and Ferrell," which sought to enforce a vendor's lien on land. The tract of land was sold by Ferrell to Walter Brothers, on the 12th May, 1885, at the agreed price of $1,800, and a bond for title given; but a conveyance was not executed until August 13th, and it was proved and filed for record on that day. Ferrell held the land under the will of his deceased wife, which contained a clause in these words: "I give and bequeath unto my husband, C. B. Ferrell, all of my land and real estate, during his natural life only; which said lands and real estate he shall have the right and power of selling, either in whole or in part, if he chooses, and investing the proceeds in such manner as he may think best for the interest of himself and my children; and after his death, the said lands and real estate, or the proceeds arising from the sale of the same, shall be equally divided among all my children, share and share alike." Walter Brothers gave their three notes for the purchase-money, each for $600, dated May 12th, 1885, and payable on the 1st September, 1886, 1887, and 1888, respectively. The two notes first falling due were transferred and assigned by Ferrell to J. T. May, and the third was also assigned to some person alleged to be unknown. May brought an action at law on the notes assigned to him, and also filed a bill in equity to enforce them as a lien on the land; and the bill in this case was filed in the nature of a cross-bill to that suit.

At the time of the sale by Ferrell to Walter Brothers, a suit was pending against him, in the United States Circuit Court at Montgomery, in favor of one Sweatman; and a judgment was rendered for the plaintiff in that suit, on the 12th June, 1885, for $941.62, besides costs. An execution was issued on this judgment, and placed in the hands of the United States marshal, on the 20th June; and the execution being levied on said land, the same was sold by the marshal on the 14th September, 1885, D. S. Troy becoming the purchaser. The bill alleged that the land, "at the time of said purchase by complainants, and of the execution of said deed to them, was rented out, and in the possession of a number of tenants; that said Ferrell was not, after said 12th May, 1885, in the actual possession of said land, but the same was, from that time until the execution and delivery of said deed to complainants, in the actual possession of a number of tenants, who were fully informed of complainants' purchase; but said Ferrell, by the terms of said contract of sale, reserved

the rents for the year 1885; and after and upon the execution of said deed to them, complainants went into, and have ever since been in possession of said land." It was alleged, also, that complainants, at the time of their purchase, had no knowledge or information of the pending suit against Ferrell, nor of the judgment or execution until after they had received their deed; that Ferrell was insolvent; that Troy threatened to sue for the land, and they were unable to defend at law; that said deed, if invalid in equity, is a cloud on complainants' title; that they are willing and able to pay said notes, when assured that said deed to Troy is ineffectual; but, if said deed is effectual against them, they claim that they are entitled to a deduction from said notes held by May, equal to the value of the life-estate of said Ferrell in said lands, and they can not safely pay said notes, or any of them, until the effect of said deed to Troy is determined."

On these allegations the bill prayed an injunction against May; "that the validity of said deed to Troy, as against the life-estate of said Ferrell in said lands conveyed to complainants, may be determined, and, if found ineffectual, may be cancelled as a cloud upon their title; that if it be found effectual to convey the life-estate of said Ferrell as against complainants' title, the value of said life-estate, and the other damages complainants may have sustained by reason of the breach of warranty of title by said Ferrell, be computed, and allowed to complainants as a deduction against said notes held by May; that, if this can not be done, the said sale to complainants may be set aside; that the court will, on final hearing, settle, define, and decree to said Troy, and also to said May, all of their rights in the premises;" and the general prayer was added, the complainants offering to perform whatever might be required of them by the decree of the court.

The bill was afterwards amended by adding the following allegations: "That at the time of said sale, to-wit, on May 12th, 1885, said Ferrell put your orators in possession of all of said lands, subject only to the rights of said tenants for the year 1885; and your orators have, from that day to the present, been in possession of, and exercising acts of ownership over all of said lands, subject only to the rights of said tenants as above stated; and on the said day of said sale, said Ferrell and your orators informed and notified the said tenants of the sale of said lands by him to your orators; and said tenants thereafter recognized your orators as the own-

ers of said lands, subject only to their rights as tenants for the year 1885.

Troy filed an answer to the original bill, in which he alleged that neither he, nor any other member of his law firm, nor their client, had any knowledge, notice or information, as to the alleged sale by Ferrell to complainants, until after the issue and levy of the execution under which he bought; insisted that by his purchase he acquired the life estate of Ferrell in the lands; and, "as to the averment that the tenants in possession of said land were fully informed of complainants' purchase," said that he had "no knowledge or information except that contained in said bill of complaint." In his answer to the amended bill he said, "This defendant denies that said Walter Brothers were in possession of said land at the time of the recovery of said judgment, or at the time of the issue of the execution thereon."

On final hearing on pleadings and proof, this cause and the original suit by May being heard together, the chancellor rendered a decree in favor of May, for the full amount due on the two notes held by him, and ordered a sale of the land unless the money was paid into court by Walter Brothers within ten days after the adjournment of the court; and in his opinion accompanying the decree he placed it on this ground: "It appears to the court that Walter Brothers went into possession of the land, under a valid contract of purchase, on May 12th, 1885, and that Sweatman obtained his judgment on the 12th June afterwards. The fact that Walter Brothers were in possession, under their bond for title, was sufficient to put Sweatman, and those acquiring rights under him, on inquiry as to their title or equity. The tenants on the place had been informed that Walter Brothers were the owners of the land, and had consented to recognize and regard them as such, although the rent notes were still to be paid to Ferrell, their former landlord. The court is of the opinion, that May's vendor's lien is a superior equity to the title acquired by Troy, the purchaser at execution sale."

Troy alone assigns this decree as error.

TOMPKINS, LONDON & TROY, for appellants, cited *King v. Paulk*, 85 Ala. 186; s. c., 86 Ala. 332.

GRAVES & BLAKEY, *contra*.—Troy, as a purchaser without notice, can claim nothing under his deed from the marshal, because the deed of Walter Brothers was on record before

that time, and he had actual notice of it; nor can his legal title avail against their prior equity, if he is chargeable with notice of it.—*LeNeve v. LeNeve*, 3 Atk. 654; 13 Vesey, 114; Wade on Notice, § 55; *Sawyer v. Baker*, 66 Ala. 292; *Brunson v. Brooks*, 68 Ala. 248; *Burt v. Cassety*, 12 Ala. 734. A purchaser at execution sale succeeds to all the rights of the judgment creditor, as they existed when the judgment was rendered, and is entitled to all the protection given by statute to the creditor, but no more. Possession is the visible evidence of title, and is, to some extent, title. Whoever buys land in the actual possession of any other person than his vendor, is bound to inquire into the possessor's title, is chargeable with notice of every fact which inquiry would have disclosed, and can claim no protection against an equity which would have been brought to his knowledge, if he had made inquiry. The chancellor found, and we think correctly, that the tenants in possession of the land had been notified of the sale to Walter Brothers, and recognized their title and ownership, though the rent for the year was reserved by Ferrell. If inquiry of the tenants would have disclosed these facts, the creditor and purchaser are chargeable with notice of them, and are not entitled to protection.—*Montgomery v. Tutwiler*, 73 Ala. 263; *Chadwick v. Carson*, 78 Ala. 116; *Herbert v. Hanrick*, 16 Ala. 581; *Yarbrough v. Avant*, 66 Ala. 526; Tied. R. P., § 701; *Scroggins v. McDougald*, 8 Ala. 384; Wade on Notice, §§ 279, 286; 16 Vesey, 252; *Powell v. Allred*, 11 Ala. 318; *Harris v. Carter*, 3 Stew. 233; *Brewer v. Brewer*, 19 Ala. 489; 2 Sugden on Vendors, 9th ed., 291-2, mar. *King v. Paulk*, 85 Ala. 186, it is submitted, is not in harmony with these authorities, and a reconsideration of it is asked.

STONE, C. J.—We are asked in this case to review our ruling in *King v. Paulk*, 85 Ala. 186; s. c., 86 Ala. 332. That case was followed and re-affirmed in *Fitzgerald v. Williams*, 85 Ala. 585. And each of these cases followed, substantially, our older rulings in *McCarthy v. Nicrosi*, 72 Ala. 332, and *Watt v. Parsons*, 73 Ala. 202. They rest on the solid ground, that a change of title, or ownership, without visible change of possession, is neither actual nor constructive notice. We consider that ruling as resting on justice and solid reasoning, and are not inclined to depart from it.

It is contended for appellees, that when Ferrell agreed to sell to Walter Brothers, the tenants attorned to the latter;

and that this operated as constructive notice to all persons who claim to have acquired liens or rights affecting the property after that time. *Tutwiler v. Montgomery*, 73 Ala. 263; *Brunson v. Brooks*, 68 Ala. 248, and *Brewer v. Brewer*, 19 Ala. 481, are relied on in support of this view. But the appellees do not bring themselves within the principle of *Tutwiler v. Montgomery*. There is not only no proof that the tenants in possession of the lands when Ferrell sold to Walter Bros. attorned to the latter, but the proof is express that they did not. They remained Ferrell's tenants, and paid the accruing rent to him; and there was no testimony that Walter Bros. had taken any kind of possession under their alleged purchase.

Troy, by his purchase at marshal's sale, acquired a title to the lands, to continue during Ferrell's life, that is superior to all other rights presented by this record.—*Preston v. McMillan*, 58 Ala. 84; 2 Pom. Eq. § 724; *Dickerson v. Carroll*, 76 Ala. 377.

In scaling the amount of purchase-money for which the Walter Bros. are liable, should they be held to their purchase, the rule of the inverse ratio of the alienation of the purchase-money notes will furnish the proper guide.

Reversed and remanded.