# Troy et al. v. May.

*Bill in Equity to enforce Vendor's Lien.*

101  401
98  314

1. *Equitable titles; priority.*—As between parties claiming under equal equitable titles, the priority of claim is determined by the priority of time.

2. *Title acquired by purchaser at execution sale.*—F., after the execution of a mortgage to M., which was still unsatisfied, sold the land conveyed therein to W. After the agreement of sale, but before the conveyance by deed, judgment was recovered in the United States Circuit Court against F. After F. had conveyed the lands to W. by deed, the United States marshal sold the same land under an execution issued upon the judgment recovered against F., and at this sale T. became the purchaser. *Held,* that W. and T. are both equitable claimants, and that the equity of W., being the older, is superior to that of T., conveyed by the marshal's deed.

3. *Right of purchaser at an execution sale.*—When, before the mortgage debt is paid, the mortgagor agrees to sell to a third person the lands conveyed in said mortgage, and after this agreement a judgment is recovered against the said mortgagor, and execution thereunder is levied upon the same lands, and the said lands are sold under

26

this execution, after the execution of the deed in compliance with the agreement of sale, the purchaser at said execution sale acquires the equity of redemption, and as the holder of such equity, is entitled to the excess of the balance due the mortgagor paid by the one who purchases at a subsequent sale under the mortgage.

APPEAL from Chancery Court of Montgomery.

Heard before the Hon. JOHN A. FOSTER.

The facts of this case are sufficiently stated in the opinion. On the final submission of the cause, the chancellor decreed that D. S. Troy had no equity or claim to the lands involved in the suit, nor in the use and occupation or rents of any of the land; and also decreed that D. S. Troy should pay all the costs in the suit created by the interposition of his claim, and that Walter Bros. should pay the balance of the costs of the suit. On this appeal by D. S. Troy and Walter Bros. the former assigns as error the final decree of the chancellor, and the latter assign as error that portion of the decree of the chancellor which holds that Walter Bros. should pay a portion of the costs of the suit.

TOMPKINS & TROY, for appellants.

BRICKELL, SEMPLE & GUNTER, contra.

STONE, C. J.—The litigation presented in this appeal may truly be styled many-sided. It originated in a bill filed by appellee, May, to enforce a vendor's lien on lands purchased by Walter Brothers from Ferrell. The purchase by Walter Bros. was made May 12, 1885, and they then gave as purchase-money three several notes, each for the sum of six hundred dollars, but they obtained no title from Ferrell until August 13, 1885. Under a judgment against Ferrell obtained in the circuit court of the United States after May 12 aforesaid, and under execution issued thereon, the marshal sold the land on September 13, 1885, and Troy became the purchaser, receiving a conveyance. Up to this time Walter Brothers had not taken visible possession of the land so purchased from Ferrell, nor was there any notice of their purchase, actual or constructive, until the registration of the Ferrell deed to them, soon after its execution in August. The execution under which Troy purchased went into the hands of the marshal June 20, 1885.

[Troy et al. v. May.]

A few days after the purchase of Walter Brothers from Ferrell, and before the judgment was rendered under which Troy purchased, Ferrell sold and transferred to May the second and third of the purchase money notes given by Walter Bros.   No question is raised on the *bona fides* of this transfer, nor on the sufficiency of the consideration paid by May.   There is testimony tending to show that before making this purchase May consulted Walter Brothers, and was assured by them that they had no defense to the notes.   And no question was raised on this feature of the controversy, by any assignment of error.

Before May's suit was brought to a hearing, Walter Brothers, in July, 1887, filed an original bill in the nature of a cross-bill, and made May, Troy and Ferrell defendants to their suit.   In their bill they mentioned the other purchase money note which had not been transferred to May, charged that it too had been assigned to some person, alleged to be unknown.   That suit was brought to this court by appeal, and is reported as *Troy v. Walter Bros.*, in 87 Ala. 233, 6 So. Rep. 54.   The substance of the facts as then presented in the pleadings and proof is set forth in the report of that case.   It will be seen that up to that time it was not shown or averred who held the other note—the one not purchased by May—nor was it brought to the notice of the court in either of the suits that there was an outstanding, unsatisfied mortgage on the lands, executed by Ferrell, and duly recorded, which was older than the sale to Walter Brothers.   On the facts as they then appeared, when the marshal made the sale and conveyance to Troy the legal title of the lands was in Ferrell, and that legal title, for the term of Ferrell's life, passed by the conveyance to Troy.   We so ruled on that appeal.—*Troy v. Walter*, 87 Ala. 233, 6 So. Rep. 54; *Daniel v. Sorrelle*, 9 Ala. 436; *Jordan v. Mead*, 12 Ala. 247; *Preston v. McMillan*, 58 Ala. 84; *Wood v. Lake*, 62 Ala. 489; *McCarthy v. Nicrosi*, 72 Ala. 332; *Watt v. Parsons*, 73 Ala. 202; *Dickerson v. Carroll*, 76 Ala. 377; *King v. Paulk*, 85 Ala. 186, 4 So. Rep. 825; *Paulk v. King*, 86 Ala. 332, 6 So. Rep. 612.

After the reversal in this court—87 Ala. 233—the pleadings were changed in the court below, and the issues thereby materially enlarged.   It was averred that

[Troy et al. v. May.]

long before the agreement of sale from Ferrell to Walter Bros., Ferrell, being indebted to Molton for money borrowed and unpaid, had executed a mortgage to said Molton, conveying said land as security for the payment of the debt, with a power in the mortgagee to foreclose by a sale of the land, if there was default in payment. This mortgage had been duly and properly recorded. There was a balance due, and still unpaid on the mortgage debt. Soon after the agreement of sale by Ferrell to Walter Brothers, the former turned over to Molton the purchase money note, the first of the series, (the one not traded or transferred to May,) as collateral security for the debt he owed him, so secured by the mortgage. This is the note which Walter Bros. alleged in their bill had been transferred, but they did not know to whom. It was also averred in the amended pleadings that, at a time which was probably after the reversal in this court, Molton had advertised and sold said lands under the power contained in his mortgage, and that Walter Bros. became the purchasers, and received a conveyance. It is shown that at this sale by Molton, the bid and purchase were at a sum in excess of the balance due Molton on the debt secured by the mortgage, including expense of sale, and that this excess was paid by Walter Bros. to Molton, and by him to Ferrell. Molton was made a party to the litigation at this stage, and answered. All the foregoing averments were shown to be true, and there was no conflict in the testimony as to any of them. They are the admitted facts in the case, as now presented.

As we have said, when this case was first before us— 87 Ala. 233—the record showed that Troy, by the deed the marshal gave him, acquired the legal title to the land, without notice, actual or constructive, of the equity which Walter Bros. had in virtue of their purchase from Ferrell. The present record adds strength to the equity of Walter Brothers, in this, that although they had not paid the purchase money, and had received no title when the lien attached under which Troy claims, yet, they had placed it out of their power to retire from the purchase without great loss. This because they had estopped themselves from making defense to the notes held by May. The present record also presents Troy's claim in a changed light. The marshal's deed did not convey

to him a legal title, but only an equity of redemption—an equitable title. So, the contest between him and Walter Bros. is a contest between equitable claimants, the claim of each being meritorious, when considered by itself. In 1 Pom. Eq., § 414, it is said: "As between persons having only equitable interests, if their equities are equal, *qui prior est tempore, potier est jure*." Section 415. "When several successive and conflicting claims upon, or interests in, the same subject matter are wholly equitable, and neither is accompanied by the legal estate, which is held by some third person, and neither possesses any special feature or incident which would, according to the settled doctrines of equity, give it a precedence over the others wholly irrespective of the order of time,—under these circumstances the principle applies, and priority of claim is determined by priority of time."

In defining the constituent elements of the defense of *bona fide* purchase without notice, this court, in *Craft v. Russell*, 67 Ala. 9–12, said: "A plea put in by a defendant claiming to be a *bona fide* purchaser for value without notice, in order to be available as a protection against a prior equity, * * must aver clearly, distinctly and without equivocation, the following facts: 1. That he is the purchaser of the legal, as distinguishable from an equitable, title."—*Hooper v. Strahan*, 71 Ala. 75; *O'Neil v. Seixas*, 85 Ala. 81; 4 So. Rep. 745; *Ledbetter v. Walker*, 31 Ala. 175; *Wells v. Morrow*, 38 Ala. 125; *Buford v. McCormick*, 57 Ala. 428; *Thames v. Rembert*, 63 Ala. 561; *Boone v. Chiles*, 10 Pet. 177; *Tourville v. Naish*, 3 P. Wms. 307; *Peabody v. Fenton*, 3 Barb. Ch. 451; *More v. Mayhow*, Freem. Chy., (Eng.) 175.

But the direct question presented by this record was decided by this court on a former day of this term. *Overall v. Taylor*, 99 Ala. 12, 11 So. Rep. 738. Walter Bros. having the older equity, their claim, as represented by the two notes traded to May, is superior to that conveyed by the marshal's deed to defendant Troy. So, also, Molton's lien, secured by the mortgage made by Ferrell to him, was paramount to all other claims brought to view in this record, and to the extent that debt was unpaid, Walter Bros. were fully justified in making payment, when they became purchasers under Molton's foreclosure sale. This they were required to do, because of the mortgage itself, and because one, the first, of their

purchase money notes had been placed with Molton by Ferrell as collateral security for the mortgage debt. They could not obtain an unincumbered title to the lands they had purchased, until this mortgage lien was removed.

In purchasing at the mortgage sale Walter Bros. bid and paid a sum in excess of the balance due to Molton, supplemented with the expense of advertising and selling. This they should not have done. The proceedings in the courts, of which proceeding, being parties, they had notice, gave them information that Troy had become the owner, for Ferrell's life, of the equity of redemption, and that, consequently he had become the owner of all the purchase money indebtedness which was still the property of Ferrell, after deducting therefrom the balance due on the mortgage. We say *the balance*, because the sum we are considering was that part of the purchase-money which was evidenced by the note first due— the note transferred to Molton—and the proven age of Mr. Ferrell shows, according to the tables of mortality, the amount of that note was not in excess of the value of his life estate. His expectation of life was then about fourteen years. The sum paid by Walter Brothers in excess of the balance due Molton belongs, and should have been paid by them, to D. S. Troy.

Errors have been assigned severally by Walter Bros. and by D. S. Troy. The former—Walter Bros.—can take nothing by their appeal. The chancellor erred in withholding from appellant Troy the relief indicated above. There were no questions raised which require us to go further than this.

The decree of the chancellor is reversed, and a decree here rendered ordering that Walter Brothers pay to D. S. Troy the balance of the purchase money note first due—the note which was placed with Molton—in excess of the sum due on the Molton mortgage at the time of the sale ; but they will be allowed a further credit of the expense attending the foreclosure sale ; and they will be charged with all proper interest. A lien is declared on the land, secondary to that decreed in favor of May, for the enforcement of this part of the decree. A reference to the register is ordered that he may state the account on the basis here indicated, and report his finding to the chancellor. The decree of the chancellor, apportioning the

costs of this litigation, is modified to the following extent : The chancellor decreed that D. S. Troy pay all the costs created by the interposition of his claim. It is now ordered and decreed that one-half of the costs that have been incurred in the assertion and resistance of Troy's claim be taxed against him, and the other half against Walter Brothers. We make this division because Troy claimed more than he was entitled to, and Walter Bros. contested his right to anything. Let the costs of appeal be paid by Walter Brothers.

Reversed, rendered in part, and remanded.