# Bynum v. Gold.

*Statutory Action in Nature of Ejectment.*

1. *Ejectment; plea of the general issue, and what evidence admissible thereunder.*—Under the statute (Code, § 2698), which provides that the plea of the general issue in a statutory action in the nature of ejectment is "not guilty," and that under such plea the defendant may introduce evidence of such matters as may be admissible under a similar plea in an action of ejectment, a defendant in the statutory action under the plea of "not guilty," can introduce in evidence any facts which operate a bar to plaintiff's right of possession, whether in denial and disproof of the title relied on by plaintiff, or in support of a superior and independent right, however acquired, by defendant, even though such defense must, in other actions, be first presented by special pleas; and in such action under such plea, evidence tending to show that defendants were *bona fide* purchasers for value of the premises sued for without notice of plaintiff's claim of title thereto, is admissible.

2. *Same; burden of proof; general affirmative charge.*—When in a statutory action of ejectment the defense interposed is that the defendant was a *bona fide* purchaser for value from plaintiff's grantor, without notice of the claim asserted by plaintiff, after the plaintiff introduces a deed from their common grantor anterior in date to that one under which the defendants claim, the burden is upon the defend-

ants to show that they purchased the land in controversy and paid value for it, and upon the proof of such purchase the burden is shifted to plaintiff to rebut and overcome the evidence of purchase and payment, or to show that such purchase and payment were made with actual or constructive notice to the defendants of plaintiff's asserted claim; and when the only evidence introduced to meet this burden resting upon the plaintiff is plaintiff's evidence tending to show that the tenant of the common grantor, who was in possession at the time of plaintiff's purchase, attorned to him and agreed to hold the land for him, but it was further shown that said tenant remained in possession long after sale and conveyance to defendants, without any apparent change of possession in reference to his landlord, and upon defendant's purchase the tenant's rent notes were delivered to them, which notes were paid by the tenant to the defendants, such evidence does not show that defendants had notice, actual or constructive, of plaintiff's claim, the burden resting upon the plaintiff is not lifted, and the general affirmative charge in favor of defendants is properly given.

APPEAL from Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This was a statutory action in the nature of ejectment, brought by the appellant, Sarah Bynum, against the appellee, William A. Gold and R. A. Coffey, Jr., to recover the possession of certain lands specifically described in the complaint. The only plea was that of the general issue of "not guilty," and upon this plea issue was joined.

The plaintiff introduced in evidence a deed which was executed to her by one H. R. Bynum on May 16, 1890, which conveyed to her the property involved in this controversy. The plaintiff also introduced in evidence a mortgage to her, which was executed by the said H. R. Bynum on June 1, 1889, and given to secure a debt evidenced by a note payable on June 1, 1890. The plaintiff testified in her own behalf, that upon H. R. Bynum being unable to pay the mortgage debt, he executed to her the above mentioned deed, in payment of said indebtedness. The plaintiff also testified that at the time of the execution of the mortgage by H. R. Bynum to her, one W. J. Porter occupied and was in possession of the property sued for, as the agent of said H. R. Bynum; and that upon the execution of the deed to her, the said Porter attorned to her as her tenant, and remained in possession of the property until the end of the year.

The defendant introduced in evidence a deed, executed

by H. R. Bynum to J. P. Rorex, W. A. Coffey and R. C.
Ross, conveying, with other real estate, the property sued
for in this action, upon the recited consideration of the
grantees in said deed assuming certain specified debts,
and agreeing to pay certain other particularly mentioned
debts of the grantor. This deed was executed on June
26, 1890. The defendants also introduced in evidence a
deed executed by J. P. Rorex, W. A. Coffey and R. C.
Ross, together with their wives, conveying the property
previously purchased from H. R. Bynum to the defend-
ants in this suit. This deed was executed April 22,
1891. J. P. Rorex, one of the grantees in the deed from
Bynum to Rorex, Coffey and Ross, testified that he made
the purchase in behalf of himself and his co-purchasers,
but that when the proposition of sale was made to him
by H. R. Bynum, he, knowing of the mortgage held by
the plaintiff on said land, refused to purchase the proper-
ty until the mortgage was satisfied. That thereupon,
at the instance of H. R. Bynum, there was endorsed up-
on the margin of the record book, in which the mortgage
was recorded, the following statement: "This mortgage
was satisfied in full, this June 26, 1890." This state-
ment was signed by Sarah Bynum and witnessed by the
justice of the peace. It was also shown that prior to the
entry of this statement on the margin of the record, there
was pasted on said mortgage a statement from Sarah
Bynum bearing date May 16, 1890, that such mortgage
had been settled. Rorex further testified that after see-
ing this statement on the margin of the record, and being
told by Bynum that the mortgage had been satisfied, he
made the purchase for himself and his co-purchasers;
that at the time of this purchase he had no personal
knowledge of the fact that W. J. Porter was in possession
of the property, nor did he make or cause to be made
any inquiry of said Porter as to his, Porter's, right of
possession to the said property; and that he did not re-
ceive, or have any knowledge or notice that the plaintiff
claimed the property, until nearly a year after the pur-
chase, and until after the purchasers had paid off a ma-
jority of the debts which they had obligated themselves
to pay. The testimony of the other purchasers, W. A.
Coffey and R. C. Ross, corroborated the testimony of
Rorex. The plaintiff objected to and moved to exclude
from the jury, that portion of each of these witnesses'

testimony which denied knowledge or notice of the plaintiff's claim of title to the property sued for, upon the ground that the defendants had failed, by special plea, to set up the defense of purchase without notice, and the evidence objected to was irrelevant, illegal and inadmissible under the general issue.    Each of these motions was severally overruled, and the plaintiff separately excepted to each of such rulings.    The court refused to give the general affirmative charge for the plaintiff, and gave the general affirmative charge for the defendants, and to each of these rulings the plaintiff separately excepted.

There was judgment for the defendants.    The plaintiff appeals, and assigns as error the rulings of the court upon the evidence, and the refusal of the court to give the charges requested by the plaintiff, and the giving of the general affirmative charge requested by the defendants.

W. H. NORWOOD and R. C. HUNT, for appellant.—1. It is not contended by plaintiff's counsel that defendants could, in point of law, protect their title by proving in a legal mode, that their immediate vendors were *bona fide* purchasers, without notice, nor is it contended that said witnesses would have been incompetent to prove such fact or facts, provided, such an issue had been made and presented by a proper plea.    Without such a plea, the admission of evidence objected to, was directly in the teeth of the statute, (Code, § 2675), and contrary to the elementary rules of pleading, to which rules the action of ejectment is not an exception.—*Van Rensseller v. Clark*, 31 Amer. Dec. 280; *Grimestone v. Carter*, 24 Amer. Dec. 230; *R. R. Co. v. Crocker*, 95 Ala. 427; *Slaughter v. Doe*, 67 Ala. 494; Abbott's Trial Ev. 715, § 38; Estees Pleading, 2 Vol., § 3777; *Craft v. Russell*, 67 Ala. 9; *Hooper v. Strahan*, 71 Ala. 75; *State v. Connor*, 69 Ala. 212. The admission of such evidence under the general issue, was calculated to surprise the plaintiff, who, it will not be presumed, was prepared at the trial with countervailing evidence, the presumption of injury to the plaintiff arises.—1. Brick. Dig., 780, §§ 100-106.    The illegal evidence should have been excluded.— *Warren v. Wagner*, 75 Ala. 201.

2. Plaintiff, by her tenant, Porter, was in possession

of the lot sued for at the time defendant's vendors obtained their deed to the same; this was constructive notice which should have put them on inquiry as to the right in which he, Porter, claimed. If such inquiry had been made, the law presumes that they would have learned of plaintiff's right. In the case last cited, it is said further, that the want of possession of the vendor is as fatal to a plea for protection as the absence of a valuable consideration, or a denial of notice, and that in all our decisions on the question, the possession of lands is regarded as constructive notice of the right, title, or equity of the party in whom it resides.—*Tutwiler v. Montgomery*, 72 Ala. 263; *Price v. Bell*, 91 Ala. 180; *Brunson v. Brooks*, 68 Ala. 248; *Brewer v. Brewer*, 19 Ala. 481.

MARTIN & BOULDIN, *contra.*—1. The proof without conflict shows that Rorex, Coffey and Ross purchased for a valuable cash consideration—that is the payment of certain debts of H. R. Bynum and the assumption of the payment of certain others not then due. With this proof, the burden was on the plaintiff to show actual or constructive notice on the part of Rorex, Coffey and Ross.— *Barton v. Barton*, 75 Ala. 400.

2. If Porter attorned to plaintiff, this was no notice to Rorex, Coffey and Ross, or sufficient to put them on inquiry.—*Troy v. Walter Bros.*, 87 Ala. 233; *King v. Paulk*, 85 Ala. 186, s. c. 86 Ala. 332; *McCarthy v. Nicrosi*, 73 Ala. 332; *Watt v. Parsons*, 72 Ala. 202.

3. The charge asked in behalf of plaintiff, if it had any application to this case, would, so far as we can see, operate against the plaintiff rather than the defendant. It is not a proposition applicable to this case. The mortgagor and his vendees are the owners of the legal title as against all others, except the mortgagee, and they may maintain or defend a suit in ejectment.—*Allen v. Kellam*, 69 Ala. 442; *Denby v. Mellgrew*, 58 Ala. 147.

4. It is contended for appellant that the defense relied on cannot be set up under the general issue of not guilty. Section 2698 rather than section 2675 prescribes the scope and effect of the general issue in this action. The inquiry is what matters may be given in evidence under the general issue in ejectment. This we must ascertain from common law practice. In general terms it puts in issue the title. This alone is involved. The plaintiff may recover only on the strength of his own title, and

[Bynum v. Gold.]

any evidence showing a want of title should be admitted. This, at common law, was the only plea in such actions. Adams on Ejectment, 270 and note 2 ; Tyler on Ejectment & Adverse Possession, 463-465 ; Sedgwick & Wait on Trial, 476 ; 2 Selwyn's Nisi Prius, 737 ; *Stocker v. Green*, 4 Amer St. Rep. 382, note, 583 ; *Nelson v. Brodhack*, 100 Amer. Dec. 328 ; *Slaughter v. Swift*, 67 Ala. 494.

McCLELLAN, J.—"Not guilty" is the plea which presents the general issue in ejectment and in the statutory substitute for that action    The only cases to which this plea is made appropriate by section 2675 of the Code are actions for defamation or for injuries to the person, or to real or personal property.    That section does not, therefore, apply to actions of ejectment or the statutory action for the recovery of land, a fact which appears to have been entirely overlooked by this court in *Slaughter v. Doe ex dem. Swift, Murphy & Co.*, 67 Ala. 494.

But section 2698 of the Code has special reference to the statutory action in the nature of ejectment in respect of what is the general issue and the effect of pleading it. It provides : "The general issue in an action in the nature of an action of ejectment is 'not guilty,' and under it the defendant may give in evidence the same matters which may be given in evidence under such plea in an action of ejectment; the general issue is an admission that the defendant is in possession of the premises sued for."    And obviously this section, and not 2675, is to be looked to in determining the scope of and the evidence admissible under the plea of "not guilty" in the present action prosecuted under the statute for the recovery of land.    Such matters are competent in this case, in which only the general issue was pleaded, as "may be given in evidence under such plea in an action of ejectment."    We have no statute defining this issue in ejectment or prescribing what is admissible under it.    We have, therefore, to look to the common law to determine its scope ; and to our own decisions upon section 2698 in connection with the common law to ascertain what may or may not be proved where this is the plea in an action under the statute.    In the common law action of ejectment, prosecuted nominally by and against fictitious lessees, the real defendant in interest is only admitted to defend upon entering into "the consent rule"

and pleading the general issue. By entering into the rule, the defendant consents to be substituted for the casual ejector, to appear to plaintiff's suit to receive a declaration in ejectment and to plead not guilty, at the trial to insist upon his title only, to confess at the trial plaintiff's lease, entry and ouster, and defendant's possession at commencement of the action, &c. &c.—Tyler on Ejectment, pp. 456 *et seq*.; 24 Rule Circuit Court Practice, Code, p. 809.

Of the plea of "not guilty"which the consent rule required to be filed, it is said by Tyler: "It seldom happens by reason of the consent rule, that the defendant, at common law, can plead any other plea than that of the general issue in the action of ejectment. Indeed no other plea in bar can be necessary; for the reason that the claimant in the action is required to prove his right to the possession of the premises in dispute, under this plea. Consequently, whatever operates as a bar to the plaintiff's right of possession, must cause him to fail in his proof of title, and entitles the defendant to a verdict upon the general issue. * * * It has been judicially declared in so many words, that in the action of ejectment, as conducted at common law, the plea must be the general issue, and that the defendant will not be permitted to plead specially, in bar of this action, matters which in most actions would be required to be set up specially; and consequently that all such matters may be given in evidence under the plea of the general issue. For example, where a party may avail himself of former verdict or decree by way of estoppel, he must *plead* the same in bar of a suit, or in answer to a plea, or he will be deemed to have waived the estoppel. * * * * * This is the general rule; but it is held not to apply to actions of ejectment, because a party will not be permitted, in such actions, to plead the matter specially as a bar." Tyler on Ejectment, p. 464. And to like effect are all recognized texts.—Adams' Ejectment, 270 *et seq*.; 2 Selwyn's Nisi Prius, p. 737; Sedg. & W. Trial of Title, § 473 *et seq*.; Newell on Ejectment, p. 247 *et seq*.; 3 Wait's Actions & Defenses, 96. This court has settled the doctrine that section 2698 of the Code gives to the plea of not guilty in the statutory action the operation of the consent rule and the like plea in the action of ejectment. *King v. Kent's Heirs*, 29 Ala. 542; *Bernstein v. Humes*, 60

Ala. 582 ; *Clarke v. Clarke*, 51 Ala. 498 ; *Crosby v. Pridgen*, 76 Ala. 385 ; *Swann & Billups v. Kidd*, 78 Ala. 173. And that section, as we have seen, in terms provides that all matters which could be given in evidence under this plea in ejectment shall be admissible in the statutory action ; and it follows, of course, that the title is put in issue by the plea, (*Torrey v. Forbes*, 94 Ala. 135), and that under it the defendant may show any fact going to title, whether in denial and disproof merely of the title relied on by the plaintiff, or in support of a superior and independent right, however acquired, in the defendant.

It is upon the foregoing considerations that, while, as a general proposition, the statute of limitations must be specially pleaded, yet this is not the case in actions for the recovery of land, but in such actions the bar of the statute may be proved under the general issue, since, though a special matter in its nature, it goes not only to defeat the pending action but to establish title in the defendant.—*Lay's Extr. v. Lawson's Admr.*, 23 Ala. 377. And so in respect of the defense set up in the case before us ; that the defendants are *bona fide* purchasers for value without notice of plaintiff's claim of title : If this defense be sustained, it goes directly to the destruction of the title relied on by the plaintiff as also to support the subsequent conveyance to those under whom defendants entered as carrying good title to the premises. The trial court was manifestly correct in receiving evidence in support of this defense under the general issue.

Taking all the evidence bearing on the question as to whether the defendants' grantors were *bona fide* purchasers for value without notice of the claim now asserted by the plaintiff as true, the conclusion must be that this defense was made out. It was upon the defendants, after the plaintiff had introduced a deed from their common grantor anterior in date to that under which they claimed, to show that they purchased the land in controversy and paid value for it. This all the evidence adduced went, without conflict or affording diverse inference, to prove. The burden here shifted to the plaintiff, and it was then upon her either to rebut and overcome the evidence of purchase and payment, which she did not attempt to do, or to show that the purchase or payment was made with actual or constructive notice, on part of the purchasers, of the claim upon which she sues.

to recover the land.—*Barton v. Barton*, 75 Ala. 400. The plaintiff has, in our opinion, failed to discharge this burden, or even to take it up. We do not find in the record any evidence tending to show that the purchasers, Rorex and others, had any notice of the sale and conveyance by H. R. Bynum to the plaintiff, or of any fact or circumstance challenging inquiry, which, if prosecuted, would have led to a knowledge of such conveyance. The only fact brought forward for the purpose of affecting these purchasers with notice was that at the time Rorex and associates purchased from H. R. Bynum, W. J. Porter was in possession of the land, and plaintiff's evidence tended to show that he had attorned to and agreed to hold it for her. But it was further shown without controversy that Porter went on the land as H. R. Bynum's tenant before the deed was executed by the latter to the plaintiff, and continued in possessson until long after the sale and conveyance by H. R. to defendants' grantors, without any apparent change in the character of his possession with reference to his landlord; that at the time said Bynum sold to Rorex and his associates Porter was represented to be, or known to the purchasers as, Bynum's tenant, and that, as a part of the transaction, Bynum delivered to Rorex notes which Porter had given for rent of the land covering the time of the sale, and that Porter had paid these notes to said purchasers. From the point of view of Rorex and his co-purchasers there was nothing at all suspicious or calculated to excite inquiry in the fact of Porter's possession, and, knowing, as they did, that he went into possession as the tenant of their grantor and having, in addition to this, other grounds to believe that he held the possession in that capacity alone at the time they purchased and made payments upon the land, that fact—Porter's possession under the circumstances—is clearly not sufficient to charge them by construction with notice of the unrecorded deed which H. R. Bynum had executed to the plaintiff prior to his sale and conveyance to them.—*Troy v. Walter Bros.*, 87 Ala. 233; *King v. Paulk*, 85 Ala. 186; *Fitzgerald v. Williamson*, 85 Ala. 585; *McCarthy v. Nicrosi*, 72 Ala. 332; *Watt v. Parsons*, 73 Ala. 202.

It follows that if the jury believed the evidence they were bound to find that the defendants stood in the shoes of *bona fide* purchasers for value of the land without no-

tice of the deed under which plaintiff claims title. So finding, the deed of plaintiff was a nullity as against the subsequent conveyance through which defendant claim title, (Code, §§ 1810, 1811) ; and they were properly instructed to find for the defendants if they believed the evidence.

Affirmed.