[Griffin v. Hall.]

# Griffin v. Hall.

*Statutory Action of Ejectment.*

111 601
s115 483
115 649
111 601
116 435
111 601
s115 647
s129 291

1. *Ejectment; insufficiency of description in the complaint of the land sued for.*—The description in the complaint in an action of ejectment of the land sued for as "one lot upon which a brick building is situated, containing two stores on the east side of a vacant lot in the town of Brundidge, situated in section 26, township 9, range 22, which said vacant lot extends back 105 feet, and is bounded on the west by H.'s lot," is insufficient; and a demurrer to the complaint upon the ground of the insufficiency of such description should be sustained.

2. *Unrecorded deed; statutory protection to purchaser and judgment creditors without notice.*—Under the statutory provisions an unrecorded deed is inoperative and void as against purchasers and judgment creditors without notice (Code, §§ 1810–11); and though possession, acquired and held under an unrecorded deed is sufficient to charge a creditor or purchaser with notice, when there is actual change of possession, it is not enough that a tenant in possession agrees to hold under the grantee in such unrecorded deed.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This was a statutory action of ejectment, originally brought by the appellees, J. L. Hall and L. B. Farley, trustees, against Joseph Logan and A. F. Fillingim, to recover certain property. The description of the property sued for as contained in the complaint is copied in the opinion.

The defendant Fillingim filed a disclaimer and the defendant Logan demurred to the complaint upon the grounds stated in the opinion. This demurrer was overruled. Subsequently the defendant Logan disclaimed as to the south half of the brick building, and pleaded not guilty as to the north half. By consent of the parties, G. A. Griffin was let in to defend as landlord, and pleaded not guilty. Plaintiffs confessed the pleas of both Logan and Fillingim, and the case was tried on issue joined on the plea of not guilty of Griffin and Logan as to the north half of said brick building.

The plaintiffs' title, as shown by the facts introduced in evidence, was traced as follows: On the 13th day of

[Griffin v. Hall.]

June, 1887, H. Foreman executed his note to the Alabama Terminal & Improvement Company for the sum of seventeen hundred dollars. Suit was brought on this note by plaintiffs, Hall and Farley, trustees, as the owners and holders thereof, in the circuit court on the 11th day of January, 1892, and judgment was obtained on the 2d day of November, 1893. An execution was issued on the judgment recovered by Hall and Farley, and was placed in the hands of the sheriff on the 1st day of December, 1893, and was levied on the property involved in this suit, and on other property on the 24th day of March, 1894. After such levy was made, the execution was returned by the sheriff to the court from which it issued, to the spring term thereof for want of time to sell. On the 30th day of May, 1894, after the spring term, another execution was issued on the judgment with the levy of the former execution indorsed thereon, and under this execution the property here involved and other property levied upon was sold and purchased by the plaintiffs.

On March 6, 1893, H. Foreman and wife executed a deed to the land sued for to the defendant Griffin. At the time of this sale, the land was in the possession of Logan, who had rented it from Foreman, and Logan continued in possession of the property after the sale, as tenant of Griffin, until the purchase of the land at the execution sale by the plaintiffs. The deed from Foreman to Griffin was not shown to have been recorded.

The defendants asked the court to give to the jury the general affirmative charge in their favor, and duly excepted to the court's refusal to give said charge.

There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the overruling of their demurrer to the complaint, and the refusal of the court to give the general affirmative charge as requested by them.

M. N. CARLISLE, for appellants.—1. The plaintiffs were not *bona fide* purchasers without notice. Griffin was in possession by his tenant at the time of the sheriff's deed, and a party in possession under an unrecorded deed has constructive notice of the execution of said deed.—*Banks v. Long*, 79 Ala. 319. Again Hall and Farley did not pay a valuable consideration. They

[Griffin v. Hall.]

were plaintiffs in execution under which the land was sold, and only entered satisfaction to the amount of their bid on this execution. It was in part payment of an antecedent debt. In such case, the plea of innocent purchaser for value without notice, will not prevail.—*Croft v. Russell*, 67 Ala. 9 ; *Thames v. Rembert*, 63 Ala. 561 ; *Bartlett v. Weaver*, 56 Ala. 580.

TOMPKINS & TROY, *contra.*—The description of the land sued for in the complaint was insufficient, and would not support a judgment. Therefore, the demurrer to the complaint should have been sustained.—*Rayburn v. Ellrod*, 43 Ala. 700 ; *Driver v. Spence*, 1 Ala. 540 ; Sedgwick & Wait on Trials of Titles to Land, §§ 499, 501.

The deed from Foreman to Griffin not having been recorded was void as to these plaintiffs. They had no notice of the existence of such deed.—*Fitzgerald v. Williamson*, 85 Ala. 585; *Paulk v. King*, 86 Ala. 332 ; *Troy v. Walter Bros.*, 87 Ala. 233 ; *Motley v. Jones*, 98 Ala. 443.

McCLELLAN, J.—This action is prosecuted by Hall and Farley as trustees to recover certain land described in the complaint as follows : "One lot upon which a brick building is situated, containing two stores, on the east side of a vacant lot in the town of Brundidge, situated in section 26, township 9, range 22, which said vacant lot extends back one hundred and five feet, and is bounded on the west by G. W. Hunter's lot." The complaint was demurred to for that "the description of the land sued for is insufficient to support a judgment." This demurrer was overruled. It should have been sustained. The suit is for a lot on which is a brick building, and not merely for so much of the lot as is covered by the building. The sheriff in attempting to execute a writ of possession describing the property as in this complaint might find the brick building with some assurance of certainty ; but we do not see how it would be possible for him to identify the *lot* sued for. No dimensions are given. It may contain one acre or ten. It may be fifty or five hundred feet square. It may or may not be conterminus with the "vacant" lot as to one of it lines, but granting it is so coterminus, the other lines bounding it are entirely at large. The des-

cription is neither certain in itself nor does it afford any data by reference to which it can possibly be made certain.

The deed of Foreman to Griffin was void as to these plaintiffs, not having been recorded before they acquired a lien on the land as judgment creditors of the grantor, and they having no knowledge or notice in fact, or otherwise constructively, of it.—*King v. Paulk*, 85 Ala. 186; *Fitzgerald v. Williamson*, 85 Ala. 585; Code, §§ 1810, 1811; *Troy v. Walter Bros.*, 87 Ala. 233; *Motley v. Jones*, 98 Ala. 443.

The judgment must be reversed for the error committed in overruling this demurrer. The cause is remanded.

Reversed and remanded.

## Statutory Action of Ejectment.

