(84 South. 751)

FULLER v. SOCKWELL. (8 Div. 152.)

(Supreme Court of Alabama. Dec. 18, 1919.)

1. MORTGAGES ⬥157—PAROL SALE PASSING EQUITABLE TITLE NOT EFFECTIVE AS TO PURCHASER FOR VALUE UNDER HIS MORTGAGE.

If the evidence shows a sufficiently executed parol sale by a widow, as tenant in common, to her children, cotenants, in consideration of their paying balance due on purchase price, to pass an equitable title under the statute of frauds, yet such transaction cannot affect a complainant purchaser for value upon foreclosure of his mortgage, taken in good faith and without notice, seeking sale for division.

2. TENANCY IN COMMON ⬥13 — POSSESSION BY ONE TENANT NOT NOTICE THAT OTHERS HAVE BEEN DIVESTED OF TITLE.

The rule that actual possession by a purchaser is ordinarily sufficient notice of his claim of title does not apply to a parol or unrecorded sale by a tenant in common to his cotenant, since each tenant is entitled to possession, and possession by one or more gives no warning that others have been ousted or divested of their interests.

3. TENANCY IN COMMON ⬥47—PURCHASER AT FORECLOSURE SALE OF INTEREST OF ONE TENANT HELD NOT AFFECTED BY PRIOR PAROL TRANSFER TO COTENANTS.

Where one tenant in common after alleged sale to her cotenants remained in possession of the land, leasing and controlling the rents as if she were the owner, such was not notice to and could not affect such tenant's mortgagee obtaining her interest upon purchase for value on foreclosure of his mortgage, taken in good faith and without notice.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bill by E. B. Sockwell against Clark Fuller and others for the sale for division of certain land. From a decree granting relief the defendant Clark Fuller appeals. Affirmed.

William L. Chenault, of Russellville, for appellant. The purchaser had notice of the title of the children, since they were in possession. 182 Ala. 314, 62 South. 525; 172 Ala. 669, 55 South. 190; 111 Ala. 601, 20 South. 485; 9 Ala. 436; 12 Ala. 434. The transaction was not within the statute of frauds, and was not invalid. 128 Ala. 612, 29 South. 690; 96 Ala. 515, 11 South. 695, 38 Am. St. Rep. 116; 94 Ala. 463, 10 South. 83.

William Stell and Travis Williams, both of Russellville, for appellee. This cause should be affirmed, as the mortgagor had the interest sought to be subjected by the mortgagee, and the court rendered the only judgment that could be rendered properly. 180 Ala. 439, 61 South. 915; 176 Ala. 145, 57 South. 717; 182 Ala. 516; 62 South. 745; subdivision 3, § 3754, Code 1907; 146 Ala. 193, 40 South. 577.

SOMERVILLE, J. The bill is filed to have a sale for division of certain land in which it is alleged that complainant owns a three-sixteenths interest and the three respondents the remaining interest. The land in question was the homestead of one Tom Fuller, upon whose death in 1905 it was vested in fee simple in his widow and seven minor children, under the homestead exemption statutes then in force. In 1917 and 1918, the widow, Mrs. C. A. Fuller, executed several mortgages on the place to complainant, who foreclosed the last one and himself purchased at the foreclosure sale. The interest of Mrs. Fuller thus acquired is the interest here asserted by complainant.

[1] Respondents deny that complainant acquired any interest under and by virtue of said mortgage, because, as they claim, their

---

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 199 Ala. 310.

mother sold and transferred her interest to her children by a parol agreement made with them immediately after their father's death, in consideration of their paying off a balance of the purchase price still due on the place. Conceding, without deciding, that the evidence shows a parol sale by Mrs. Fuller to her children which was sufficiently executed to pass to them an equitable title under the statute of frauds, yet that transaction cannot affect the complainant, who was a purchaser for value under his mortgage.

[2] It is true that actual possession by a purchaser of land is ordinarily sufficient notice to all the world of his claim of title. Griffin v. Hall, 111 Ala. 601, 20 South. 485. But this rule cannot be applied to a' parol or unrecorded sale by a tenant in common to his cotenant, since each tenant is entitled to possession, and possession by one or more of the tenants gives no warning that other cotenants have been ousted or divested of their interest.

[3] Moreover, the evidence shows without dispute that Mrs. Fuller continued in possession after her alleged sale just as she had done before, and that as late as 1917–18 she was leasing the place and controlling the rents exactly as if she were the owner. The fact that she had a private understanding with her children, that her possession was permissive and under their authority, cannot affect complainant unless he had notice of it; and there is not the slightest evidence that he had any such notice.

Under the evidence the trial court could not do other than grant the relief prayed for, and the decree will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.