# Tatum *et al. v.* Tatum.

*Statutory Action in the Nature of Ejectment.*

1. *Sufficiency of conveyance in use of operative words* —When a mortgage, using the words "grant, bargain, sell and convey," describes the property conveyed as "our entire crop grown this year in Macon and Pike counties, and all rents and advances coming to us this year from said plantations; also, the following stock and plantation implements now owned by us and in our possession in said county, to-wit," specifying certain *lands*, mules, horses, etc.; "to have and to hold the above described property, *real* and personal, to the said" grantee; and a power to sell the property conveyed, "*real* and personal," is added; the lands pass under the instrument.

2. *Same ; defective description of part of lands conveyed.*—When a mortgage, or other conveyance, contains a defective and indefinite description of a portion of the lands intended to be conveyed, this does not justify the total exclusion of the deed as evidence.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAMES E. COBB.

The appellants, P. A. Tatum and Henry D. Tatum, as late partners under the name of Tatum Bros., brought the statutory action in the nature of ejectment against the appellee, E. W. Tatum, for the recovery of certain lands in Macon county.

The plaintiffs claimed title to the land under a mortgage deed, executed to them by defendant and M. Tatum. The caption of this deed was, "The State of Alabama, *Pike* county," and, after reciting the consideration, it proceeds as follows : "We do hereby grant, bargain, sell and convey to

the said Tatum Bros. our entire crop grown the present year by us or under our direction in *Ma^on* and *Pike* counties, and also all rents and advances coming to us from said plantations the present year; also, the *following stock and plantation implements* now owned by us and in our possession in *said county,* to-wit., *East half of S. W. qr., South half of S. W. qr.* Sec. 21, T. 15, R. 25; S. E. ¼ of N. E. ¼ of Sec. 9, T. 15, R. 25, *less six acres east side of line*; S. W. ¼, less 15 acres in N. E. corner, S. W. ¼ Sec. 10, T. 15, R. 25; N. W. ¼ Sec. 15, T. 15, R. 25; N. ½, N. E. ¼ Sec. 15, T. 15, R. 25; S. W. ¼, N. E. ¼ Sec. 15, T. 15, R. 25, being 460 acres, more or less; seven head mules and horses, and all other stock and plantation implements, not mentioned above, now in our possession, or in our possession at maturity of this paper, *to have and to hold* the above described property, *real* and personal, to the said Tatum Bros.," &c. &c. The mortgage further provides, if default be made in payment of the indebtedness recited therein, that the grantees are authorized to take possession of "the above described property, and sell said personal property as they may deem best, and the said *real estate* to the highest bidder," &c., &c.

The plaintiffs offered this deed in evidence, and the defendant objected to its introduction on the grounds, substantially, that the words of conveyance in the deed are not made to apply expressly to the lands described therein, and that certain portions of the land mentioned in the deed are not described with sufficient certainty. The court sustained the objection and excluded the deed, and plaintiffs excepted and took a non-suit, with bill of exceptions.

WATTS & SON, for appellant.

ABERCROMBIE & BILBRO, and W. F. FOSTER, *contra.*—The words of conveyance do not apply to the lands, and mere intention will not supply words necessary to make a writing a conveyance of lands.—*Brewton v. Watson,* 67 Ala. 121; *Johnson v: Bantock,* 38 Ill. 111; *Webb v. Mulline,* 78 Ala. 111; 3 Wash. Real Prop., 329. The words of grant are confined exclusively to personalty. *"Expressio unius, exclusio alterius."* The description of the lands in the mortgage is insufficient, uncertain and indefinite.

SOMERVILLE, J.—The court erred in excluding the deed from being admitted in evidence. Under section 2948 of the Code of 1876, any instrument in writing, signed by the grantor, or his agent having a written authority, with or without a seal, is effectual to transfer the legal title of realty

to the grantee, "if such was the intention of the grantor, to be collected from the entire instrument." Apart from the statute this has long been the growing tendency of the authorities for the past century, as indicated by the rule deduced by Mr. Washburn, and other authors—that "if it is clear that it is the intent of the maker of the deed that the estate should pass thereby, it will, if possible, be so construed as to effect this, although it want formal words, if there be any word in the deed sufficient to convey the estate."—3 Washburn Real Prop. (4th Ed.) 379 (\* 620-621); 1 Wood Conv. 203. It is remarked by a learned writer on conveyancing that "the law is curious, and almost subtilizes to devise reasons to make assurances and deeds enure according to the just intention of the parties and to avoid wrong and injury, which, by abiding the rigid rules, may be wrought out of innocent acts."—2 Wood Conv. 206, *note*.

The present deed contains the usual operative words of conveyance. The objection is that they are not made to apply expressly to the land described in the deed, but only to the personalty. The answer to this suggestion is that the *habendum* clause of the deed may be looked to in order to aid the intention of the grantor, and this clause sufficiently shows that the lands were intended to be included within the operative words of conveyance—"grant, bargain, sell and convey"—used in the premises of the deed, or that part preceding the *habendum* clause.—Tiedeman on Real Prop., §§ 827, 803 ; *Webb v. Mullins*, 78 Ala. 111.

2. The fact that some portion of the land mentioned in the deed was not described with sufficient certainty would not justify the total exclusion of the deed. It would be valid and effective as to that portion properly described. How far the identification of any lands imperfectly described could be aided by parol evidence does not arise in the record, and need not be discussed.— *Meyer v. Mitchell*, 75 Ala. 475, and cases cited.

Reversed and remanded.