# Griffin *et al. v.* Hall & Farley, Trustees.

*Statutory Action of Ejectment.*

1. *Ejectment; variance between description of property in complaint and proof; parol evidence.*—In an action of ejectment, where the complaint described the property sued for as one brick storehouse and the lot of land covered by it, and as bounded on the south, west and north by certain specified properties and on the east by a designated street, the deed under which plaintiff claims, and in which there is described another lot, and then the one in controversy is described as "also the lot adjoining thereto on the east, together with the brick building thereon," is inadmissible in evidence, because there is a variance between the description in the deed of the lot sued for and the description in the complaint; and the introduction of parol evidence to identify the two lots and to show that the lot described in the deed was the lot described in the complaint, but which is no more certain in its identification than the description in the complaint itself, does not render such deed admissible.

2. *Same; same; same.*—Where a deed under which the plaintiff in an action of ejectment claims title described a lot entirely different from the one intended to be conveyed and the one described in the complaint, the one intended to be conveyed can not be shown by parol evidence to be the one that was conveyed by said deed.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. J. W. FOSTER.

This was a statutory action of ejectment, brought by the appellees, as trustees, against the appellants, G. A. Griffin and Joseph Logan; G. A. Griffin being landlord and Logan his tenant in possession.

Upon the offer by the plaintiffs to introduce in evidence the deed of the sheriff to them, the defendants objected thereto upon the ground that the description of the land conveyed in the deed was uncertain, and that it was variant from the description contained in the complaint. The court overruled this objection, and the

defendants duly excepted. The other facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court at the request of the plaintiffs gave the general affirmative charge in their behalf. To the giving of this charge the defendants duly excepted. There were verdict and judgment for the plaintiffs. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

M. N. CARLISLE and E. P. MORRISSETT, for appellants.

R. L. HARMON, *contra*.—The deed under which the plaintiffs claim title, after parol evidence tending to identify the lands described therein, was admissible in evidence.—*O'Neal v. Seixas*, 85 Ala. 80; *Chambers v. Ringstaff*, 69 Ala. 140; *Clements v. Pearce*, 63 Ala. 292; 2 Devlin on Deeds, § 1012; 3 Brick. Dig., 301-2; 2 Amer. & Eng. Encyc. of Law, 498. If the description as to a part of the land conveyed in the deed is insufficient, it is still a valid deed as to that portion of the land which is sufficiently described to be identified by the aid of parol testimony, and is a valid deed as to that portion of the land properly described.—*Tatum v. Tatum*, 81 Ala. 388; *Meyer v. Mitchell*, 75 Ala. 475.

HARALSON, J.—The description of the lot sued for in the original complaint, as declared by us on a former appeal, was neither certain in itself, nor did it afford any data by reference to which it could possibly be made certain, and the action of ejectment could not be maintained on it.—*Griffin v. Hall*, 111 Ala. 601.

When the case was returned to the circuit court, the complaint was amended in its description of the lot sued for as follows: "One brick storehouse and the lot of land covered by said storehouse building, and bounded on the south by the brick storehouse formerly occupied by A. T. Filligan, and now by G. W. Connor; on the west by a vacant lot, and on the north by a vacant lot, and on the east by the street, which street was formerly known as the Clay Hill Road, said storehouse and lot being in the town of Brundidge, Pike county, Alabama," &c. This description is certain to all intents, and by it the property may be certainly located.

[Griffin et al. v. Hall & Farley, Trustees.]

The deed of the sheriff under which the plaintiffs claimed said lot, and by which they sought to recover the lot described in the complaint, describes the property as follows: "One lot in the town of Brundidge, situated in S. 26, T. 9, R. 22, and bounded on the south by above named section, extending back 105 feet, and bounded on the east by said Foreman's brick building, and on the west by G. W. Hunter's lot,—said lot containing 56 feet fronting Troy Road; *also the lot adjoining thereto on the east, together with the brick building thereon,*" &c.; the italicized words being the description of the lot in suit.

The description in the complaint and that in the deed are variant. It is well settled that when a conveyance contains a defective and indefinite description of land, it may be aided by parol evidence if it is capable of being made certain.—*O'Neal v. Seixas,* 85 Ala. 80; *Driggers v. Cassady,* 71 Ala. 530; *Clements v. Pierce,* 63 Ala. 292.

The plaintiffs attempted by parol proof to show that the lot described in the deed was the lot described in the complaint. This they attempted by the examination of Joseph Logan. This witness does describe the lot mentioned in the complaint, but his description is no more certain in its identification of the lot described in the plaintiffs' deed, than the description of it in the complaint itself is.

There are two lots described in the deed. The first one therein mentioned, as we have seen from the description of it set out above, is bounded on the south, east and west, but not on the north. The other lot described therein,—the one in suit,—has its description entirely with reference to the first named lot, the only description of it, as we have said, being, "also the lot adjoining thereto on the east, together with the brick building thereon." The fact is, the lot first described in said deed is bounded on the east, as is shown by the amended complaint and plaintiffs' said witness, by a street formerly known as Clay Hill road; and so far as appears, there is no building on a lot east of said first described lot.

The witness examined by plaintiffs makes it plain that the lot sued for and the one described in the deed, are not the same lots. We can not make them such

[Steele v. Walker.]

without injecting into the deed a correction, to make it cover a lot in no way described therein. This can not be done. If the deed describes a lot entirely different from the one intended to be conveyed, the one intended to be conveyed can not, in order to maintain the title to it, be shown by parol evidence to be the one that was conveyed. If the deed is to be corrected, it must be done in another forum. All that it is competent for a court of law to do in aid of the description of land in a deed, which is uncertain, is to allow parol evidence to be introduced, in order that that which is uncertain in description may be made certain.

The court erred in admitting said deed against the objections of the defendant, and in giving the general charge for the plaintiffs.

Reversed and remanded.