[Buchanan v. Larkin.]

# Buchanan *v.* Larkin.

116　431|
|132　273|

*Statutory Action of Ejectment.*

1. *Ejectment; amendment of complaint; when no departure from original complaint.*—Where the original complaint filed in an action of ejectment is void for uncertainty of description of the land sued for, an amended complaint filed for the express purpose of correcting the description of the land as given in the original complaint is not subject to demurrer upon the ground that it is a departure from the original complaint, and such amendment is properly allowed.

2. *Same ; general demurrer to complaint.*—Where, in an action of ejectment some of the lands in controversy are described in the complaint with sufficient certainty, a demurrer to the whole complaint, for alleged uncertainty as to other lands attempted to be described, is properly overruled.

3. *Same ; void description of land in a mortgage ; mortgage admissible in evidence together with other evidence identifying the land.*—Where, in an action of ejectment, the plaintiff claims title under a mortgage in which the description of the land conveyed therein is void for uncertainty, such mortgage is admissible in evidence in connection with oral evidence showing that at the time it was executed the mortgagor was in possession of the land sued for, and owned no other lands in the county.

4. *Estoppel between landlord and tenant.*—In the absence of fraud and mistake, a tenant is estopped to deny the title of the landlord under whom he entered or to whom he has attorned, being already in possession, and from whom he has accepted a lease.

5. *Same ; mortgagor attorning to purchaser at foreclosure sale can not dispute his title.*—In an action of ejectment, where the plaintiff claims as purchaser under the foreclosure of a mortgage, executed by the defendant, and it was shown that the plaintiff had purchased at the said sale, went into possession of the lands sued for and rented the same to the defendant, who attorned to him as landlord, and paid the rent to him as such, the defendant can not, thereafter, dispute the plaintiff's title.

APPEAL from the Circuit Court of Jackson.

Heard before the Hon. J. A. BILBRO.

This was a statutory action of ejectment, brought by the appellee, W. R. Larkin, against the appellant, M. A. Buchanan. The land sued for was described in the complaint as follows : "Beginning at a stake the south-

east corner of the north-east corner of section 5, in T. 4, R. 5 east, of the Huntsville meridian, and running said section line to a stake, sugar tree. Point of L. Hensely Grubb's S.-E. corner; thence west with this line to a stake; thence south with Grubb's line, partly marked to Jack Smart's line; thence to north boundary of S.-E. of Sec. 5; thence with that quarter section 9 to the beginning,—length of line see deed made to L. Hensely Grubbs, made about 1867 or 1868,—the line extending the full length of Grubbs' line.''

To the complaint the defendant demurred upon the ground that the description of the land sued for was void for uncertainty. This demurrer was sustained, and the plaintiff filed the following amended complaint: ''The plaintiff, W. R. Larkin, claims of the defendant, M. A. Buchanan, the possession of the following tract of land of which he was lawfully possessed, and defendant entered thereon and withholds the same; said lands are situated in Jackson county, Alabama, and are described as follows, to-wit: The S-E ¼ of N-E ¼, 40 acres, and the S. ½ of N-E ¼ of N-E ¼, 20 acres, and part of the S-W ¼ of N-E ¼ and fraction in N-W ¼ of N-E of section 4, 10 acres, and S ½ of S-W ¼ of N-W ¼ of sec. 3, 10 acres, containing 90 acres in all. All situated in T. 4, R. 5, and bounded as follows: On the north and west by lands of J. O. Selby, east by the lands of Hugh Proctor, south by the lands of J. W. Smart, being the lands which defendant owned on the 3d day of December, 1888, or which he has since owned in Jackson county, Alabama.'' To this amended complaint, the defendant demurred upon the following grounds: 1st. The description of the land is indefinite and uncertain in this: A portion of the land sued for is described as a part of the S-W ¼ of N-W ¼, and fraction in N-W ¼ of N-E ¼ of section 4, 10 acres. 2d. Said amended complaint is a departure from the original complaint. This demurrer was overruled and issue was joined upon the plea of the general issue.

The plaintiff's claim to the property sued for is based upon a mortgage, which was executed by the defendant and his wife to one E. W. Garland, in which mortgage the lands attempted to be conveyed therein were described as they are described in the original complaint. It was shown that this mortgage was duly assigned and

[Buchanan.v. Larkin.]

transferred by the mortgagee to the plaintiff, and that there had been a foreclosure of the mortgage, and that at the sale the plaintiff became the purchaser of the land. Upon the plaintiff offering to introduce this mortgage in evidence, the defendant objected on the ground that it was illegal and incompetent, and because the mortgage was void for uncertainty in the description of the land, and that it was not evidence of the title of the land sued for. The court overruled this objection, and the defendant duly excepted. The plaintiff introduced evidence tending to show that the lands sued for and which were purchased under the mortgage were the only lands which were ever owned by the defendant, and were, at the time of the execution of the mortgage, in the defendant's possession; and that the defendant had .rented these same lands from the plaintiff subsequent to the foreclosure sale.

Upon the examination of the plaintiff as a witness, he was asked the following question : "If at the time said mortgage was executed, the defendant owned any other lands in the county?" The defendant objected to this question on the ground that it called for illegal evidence, and there was better evidence of the fact inquired about. The court overruled the objection and the defendant duly excepted. The witness answered that the defendant did not own any other land so far as he knew. It was further shown that after renting the land from the plaintiff for two years, the defendant declined to surrender the possession thereof, upon the plaintiff's written demand.

The defendant offered evidence tending to show that the defendant, in March, 1893, tendered to the plaintiff, Larkin, the money necessary to redeem the land ; that Larkin said he could not take it until he saw Mr. Brown, his attorney, and that he also said there is no use to count the money, and admitted the defendant had plenty to redeem the land. The money was not paid into court, nor the tender renewed at the time of the trial.

The court at the request of the plaintiff gave to the jury the general affirmative charge in his behalf, and to the giving of this charge the defendant duly excepted; and also excepted to the court's refusal to give the general affirmative charge requested by him.

There were verdict and judgment for the plaintiff. The

[Buchanan v. Larkin.]

defendant appeals, and assigns as error the rulings of the court upon the pleadings and evidence, the giving by the court of the general affirmative charge requested by the plaintiff, and the refusal of the general affirmative requested by the defendant.

R. W. CLOPTON and TALLY & PROCTOR, for appellant. The demurrers to the amended complaint should have been sustained. The description of the land was void for uncertainty.—*Meyer Bros. v. Mitchell*, 75 Ala. 475; *Humes v. Bernstein*, 72 Ala. 546; *Thompson v. Gordon*, 72 Ala. 455; *Chambers v. Ringstaff*, 69 Ala. 140; *Tatum v. Tatum*, 81 Ala. 388; *Griffin v. Ball*, 111 Ala. 601. The plaintiff's title under the mortgage, if it can be said he had any, would not support a judgment for the lands described in the amended complaint and in the judgment entry.—*Dunton v. Keel*, 95 Ala. 159; *Morris v. Giddens*, 101 Ala. 571.

J. E. BROWN, *contra.* — There is no apparent conflict, nor is there indeed any conflict between the land described in the original complaint and that described in the amended complaint. The amended complaint only makes certain that which in the original complaint was uncertain.—*Foster v. Napier*, 73 Ala. 595; *Mohr v. Lemle*, 69 Ala. 180; *Nelson v. Webb*, 54 Ala. 436. The mortgage offered in evidence in this case executed by E. W. Garland to M. E. Buchanan, the appellant, was not void for uncertainty of description.— *Chambers v. Ringstaff*, 69 Ala. 140; *DeJarnette v. McDaniel*, 93 Ala. 215; *Dexter v. Ohlander*, 93 Ala. 441; *Black v. Tenn. C., I. & R. R. Co.*, 93 Ala. 109; *Black v. Pratt C. & C. Co.*, 85 Ala. 504; *Gaston v. Weir*, 84 Ala. 193. The appellant, Buchanan, having surrendered the possession to the appellee and attorned to him, is estopped from denying the title of his landlord.—*Nicrosi v. Phillipi*, 91 Ala. 299.

HARALSON, J.—The original complaint was void for uncertainty of description of the land sued for, and the court so held on demurrer thereto.

The amended complaint was filed for no other purpose than to correct the description of the land as given in the original complaint. If plaintiff sues for Black Acre,

and by mistake describes White Acre, he may amend his complaint so as to correct the mistaken description. He can not sue for the one and add the other by amendment.—*Mahan v. Smitherman*, 71 Ala. 567 ; *Springfield F. & M. Ins. Co. v. DeJarnett*, 111 Ala. 248.

The complaint as amended was demurred to as a whole because a part of the land, viz., "part of the S. W. ¼ of N. W. ¼ and fraction in N. W. ¼ of N. E. ¼ of section 4, 10 acres," etc., was indefinite and void for uncertainty. It must be acknowledged, that this description indicates with definiteness no particular parcels of land; but there were other lands certainly described in the complaint, and which may be identified from the description therein. The demurrer being to the whole complaint, unobjectionable in its description of some of the lands sued for, but uncertain as to others, was properly overruled.—*L. & N. R. R. Co. v. Hall*, 91 Ala. 118 ; *Flournoy v. Lyon*, 70 Ala. 308 ; *Tatum v. Tatum*, 81 Ala. 388.

The mortgage under which the plaintiff claimed to derive title, contained the same indefinite description which was employed in the original complaint. If the plaintiff were claiming a right of recovery alone under this mortgage, the description of the land therein being void for uncertainty, and containing no data by which it could be made certain, the mortgage would not be competent evidence as a muniment of title.—*Griffin v. Hall*, 111 Ala. 601 ; *Griffin v. Hall & Farley*, 115 Ala. 482. But, the plaintiff did not rely on this mortgage alone for recovery. Its introduction in connection with other evidence, may be regarded as merely inducement for such other evidence, on which plaintiff predicated his right of recovery, and was admissible for that purpose. It was shown, for instance, that at the time the defendant executed the mortgage, he lived on the lands sued for, and owned no others in the county. This was objected to as illegal and irrelevant evidence, but the objection was groundless.—*DeJarnette v. McDaniel*, 93 Ala. 219. It was furthermore shown, without conflict, that the plaintiff, who had paid for and owned the mortgage, foreclosed it and at the sale became the purchaser. After this purchase, plaintiff went into the possession of the lands sued for in 1892, and rented them to the defendant for that year, who attorned to him as

[Buchanan v. Larkin.]

his landlord and paid the rents to him as such. The defendant could not, thereafter, dispute plaintiff's title, howsoever acquired.

There was no error in giving the affirmative charge for plaintiff.

Affirmed.