# Foster, *et al.* v. Carlisle, *et al.*

*Ejectment.*

(Decided Jan. 21, 1909.   Rehearing denied Feb. 16, 1909.
48 South. 665.)

1. *Evidence; Parol to Vary Writing; Deeds; Description.*—Where the description in the deed is unambiguous and fixes the corner of a lot at a certain point, parol evidence is not admissible to show that the corner was 12 feet from the point fixed in the deed.

[Foster, et al. v. Carlisle, et al.]

2. *Evidence; Declarations to Grantor.*—The declaration of the grantor made to the grantee at the time of the execution of the deed that the deed embraced erroneously a 12 foot strip on a certain side of the lot conveyed, are not admissible for the purpose of contradicting the unambiguous description in the deed.

APPEAL from Bullock Circuit Court.

Heard before Hon. A. A. EVANS.

Ejectment by R. M. Foster and others, executors, against George Carlisle and others, for a 12-foot strip of land. Judgment for defendants, and plaintiff's appeal Reversed and remanded.

Most of the facts appear in the opinion. Assignment of error 3 is as follows: "(3) In permitting the appellees to ask the witness J. P. Radford the following question, found on page 19 of the record, to-wit: 'Tell the jury what was the southern boundary line of the Chappell mill lot at the time Mr. Chappell owned it and conveyed it to you and your brothers, and also during the time you and your brother, C. R. Radford, owned it.' " The fourth assignment of error is the answer to this question, to-wit, that it was at a point 12 feet north of the Holmes building. The declarations referred to were those contained in the testimony of J. P. Radford, as follows: That at the time he and his brother, C. R. Radford, obtained the deed, a copy of which is attached, being the deed from H. C. Chappell and wife to him, Chappell told them there was a mistake in the description of said lot as contained in said deed, and that said deed described said lot as commencing at a point on Prairie street, and running thence south along said Prairie street to the two-story house on the lot owned by Holmes, and thence east to Mrs .Riley's lot, when there was in fact a space of about 12 feet immediately north of the Holmes building, and extending in an easterly direction, the length of the Holmes lot, which he (Chappell) did not claim—and the same statement by the witness Radford to Dr. Foster.

[Foster, et al. v. Carlisle, et al.]

J. D. NORMAN, for appellant. The court below committed error in permitting appellees to ask the question objected to and to permit the answers thereto of the witness Radford.—*Orthwein v. Thomas,* 11 Am. St. Tep. 159; *Cobb v. Oldfield,* 42 Am. St. Rep. 263; 2 Jones on Evid. sec. 496.

D. S. BETHUNE, and E. L. BLUE, for appellee. A grantee in a deed poll is not estopped to deny the title of the grantor.—*Cooper v. Watson,* 73 Ala. 252; 11 A. & E. Ency of Law, 400; 3 Brick. p. 447.

McCLELLAN, J.—The contest in this controversy involved the inquiry whether a certain strip of land in Union Springs, described in the complaint, belonged to the "Chappell mill lot," as plaintiffs contended, or to the "R. R. Holmes lot," as the defendants contended. The issue was one to be controlled by finding of fact. The errors assigned all relate to rulings of the court admitting testimony.

J. P. Radford was examined as a witness for the defendants. He was one of the grantees in the deed conveying the "Chappell mill lot" from 'Chappell to the Radfords. This deed described the property conveyed as commencing at a point on "Prairie or Foster street, * * * running thence south along said Prairie street to the two-story house on lot owned by R. R. Holmes. * * *" The remaining parts of the description are not presently important, except in the respect that according to the deed, the "southwest corner" of the Chappell mill lot is fixed at the corner of the "two-story house on lot owned by R. R. Holmes." J. P. Radford was asked by defendants this question: "Where was the southwest corner of the Chappell mill lot at the time Mr. H. C. Chappell sold and conveyed it to you and C.

R. Radford?" The plaintiffs objected to the question upon the grounds (1) that it sought by parol testimony to alter, vary, or explain the unambiguous language of the deed from Chappell to the Radfords; (2) that it was illegal. The witness, the objection being overruled, testified that the mentioned corner of the "Chappell mill lot" was at a point 12 feet north of the nothwest corner of the Holmes building. The plaintiffs' motion to exclude the answer, upon the grounds stated, was denied.

It is well settled that, where the description of property in a deed is unambiguous, parol evidence is not admissible to show a different subject-matter of conveyance to that and as described; but, if the description is ambiguous—may be referred to different properties—among other proper evidences of ambiguity, parol evidence is admissible to identify the property intended to be conveyed.—Jones on Ev. (2d Ed.) § 485; Id. (1st Ed.) § 496, and citations in notes; 17 Cyc. p. 616 et seq., and notes; *Griffin v. Hall,* 115 Ala. 482, 22 South. 162; *Chambers v. Ringstaff,* 69 Ala. 140; *Guilmartin v. Wood,* 76 Ala. 204. The description in the quoted deed is entirely unequivocal and unambiguous in its designation of the corner of the Chappell mill lot at the northwest corner of the Holmes building. The answer of the witness clearly contradicts this part of the description of the property purported to be conveyed. There is no room for cavil on that score. He was permitted to assert that the south terminus of the line stipulated in the deed was 12 feet north of the point to which the deed declared it to go.

The rulings assailed by assignments of error 3 and 4 are well taken, under the principle before stated, and on authorities in that connection cited.

The admission of declarations of grantors Chappell and Radford, respectively, to the witness Radford and

[Price, et al. v. Dennis, et al.]

Dr. Foster, respectively, to the effect that the deed from Chappell erroneously embraced a strip 12 feet south of the Chappell mill lot, was error. Those declarations were contradictory, as appears from their face, of the description borne by the deed referred to.

For the errors indicated, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and ANDERSON, JJ., concur.