[Garner, et al. v. Morris.]

# Garner, *et al. v.* Morris.

## *Breach of Covenant.*

(Decided June 11, 1914.  65 South. 1000.)

1. *Deeds; Description; General and Special.*—Where a deed uses two descriptions—the one by governmental subdivision, and the latter by designating the premises as the home place of decedent—the description by governmental subdivision must prevail.

2. *Same; Breach of Covenant; Evidence.*—Where the action is by a grantee for a breach of the grantor's covenant of seisin based on the fact that the grantor had no title to a certain described part of the land, and the grantor was allowed to show that it was not his intention to include such land in the deed, the grantee could show that the bond for title included the land, and that the parties did not contract for any less land than that described in the bond for title, and that the price was fixed at so much per acre.

3. *Same.*—In such an action, evidence that decedent had mortgaged the land in dispute, was admissible to show that he claimed it as part of his home place, such being a part of the description contained in the deed.

4. *Appeal and Error; Harmless Error; Pleading.*—Where a defendant has the benefit of the facts set up in a plea, it was without injury to him to strike such plea.

5. *Covenant; Breach; Action; Complaint.*—A complaint alleging in one count damages for breach by defendant of a covenant of warranty in the deed executed by defendant to plaintiff, conveying land therein described, and that as a part of the deed defendant covenanted that he was lawfully seised in fee, and had a good right to convey, and warranted the title, and averring a breach of the covenant because defendant did not have title to a described part of the land; and in another count the same facts are averred and that the warranties were broken in that defendant at the time of conveyance was not in possession of the described part, and did not put plaintiff in possession thereof, states a cause of action for breach of covenant of seisin or right to convey.

6. *Same.*—A complaint which alleges a breach by the grantor of the covenant of seisin, and that the grantee incurred expenses in the litigation involving the title which litigation resulted adversely to the grantee, and that the grantor was notified of the litigation, and called on to defend the suit, states a cause of action for special damages incurred in the litigation involving the title.

7. *Same; Instructions.*—Where the grantee testified that he was to pay $150 attorney's fees in an unsuccessful defense of his title, and the proof showed that $75 was a reasonable fee, a charge that if the jury believe the evidence, they could not find for plaintiff as to the item of $150 was properly refused, since it might have misled

[Garner, et al. v. Morris.]

the jury to believe that it was not competent for them to find any damages under the item of attorney's fees.

8. *Same.*—A charge asserting that if a decedent claimed a specific number of acres in his home place, though he was not in fact the owner, the verdict should be for the grantee, while if the grantee bought the land from the grantor which was in dispute and paid for it by the acre, and it was agreed that there was a specified number of acres and that the grantor retained the money, then the grantee could recover, was if anything too favorable to the grantor as he was bound by the description of the land, and the number of acres sold.

APPEAL from Dale Circuit Court.

Heard before Hon. J. E. ACKER, Special Judge.

Action by W. H. Morris against William Garner for a breach of covenant of seisin, revived against the executors of Gardner. Judgment for plaintiffs and defendant appeals. Affirmed.

The following is the complaint:

Count 1. Plaintiff, W. H. Morris, claims of defendant William Garner the sum of $2,000 as damages for and on account of the breach by defendant of a certain covenant of warranty contained and embraced in a deed executed by defendant to plaintiff on October 4, 1907, and conveying to plaintiff the following described lands, to wit: The N. ½ of N. E. ¼, S. 18, S. E. ¼ of S. E. ¼, S. 7, S. ½ of S. W. ¼ and N. W. ¼ of S. W. ¼ and S. E. ¼ of S. E. ¼, S. 8, N. W. ¼ and N. ½ of N. E. ¼, S. 17; N. W. ¼ and N. ½ of S. W. ¼ and N. ½ of N. E. ¼ and S. W. ¼ of N. E. ¼, and N. E. ¼ of S. E. ¼, S. 17, all in T. 3, R. 24. And plaintiff avers that in and as a part of said deed defendant did covenant with plaintiff that he was lawfully seised in fee of said premises, and that he had a good right to sell and convey the same to plaintiff, and did warrant and defend the title to same to plaintiff, his heirs and assigns, which warranty, covenant, and agreement is breached by defendant, in that at the time of said conveyance said plaintiff did not own the title or right in and to the fol-

lowing part of said land, to wit, S. ½ of N. W. ¼, S. 17, T. 3, R. 24, and N. E. ¼ of S. E. ¼, S. 16, T. 3, R. 24, and by reason of which plaintiff has been damaged in a large sum, to wit, $2,000.

Count 2. Same as 1 down to and including the description of the land, where they first occur therein, and adds:

And plaintiff avers that said covenant, warranties, and agreements have been broken, in that defendant at the time of such conveyance was not in possession of the following described lands, to wit. [same as in count 1], and did not put plaintiff in possession of said lands to the damage of plaintiff in a large sum to wit, $2,000.

Count 3. Plaintiff claims the further sum of $400 from defendant, for that defendant, on October 4, 1907, executed to plaintiff a deed conveying to plaintiff the lands specifically described in count 1 of this complaint, and to that extent made a part of this count, in which conveyance, and as a part thereof, defendant covenanted with plaintiff that he was seised in fee of said premises and had a good right to sell and convey the same and warranted the title thereto, which covenant was broken, in that, as to the 120 acres of land set forth in count 1, defendant had no title and failed to put said plaintiff in possession thereof, but the title thereto rested in other persons. And plaintiff would further aver and show that on October 17, 1907, he sold all the above-described lands to one E. M. King for a consideration then and there paid, and executed and delivered to said King a deed to the same containing the usual covenants or warranties, and the plaintiff derived whatever title he had to said lands thereto and under his deed from defendant herein. And plaintiff avers that on August 24, 1911, said King, his grantee, commenced suit against plaintiff in the circuit court of Geneva county, which court

[Garner, et al. v. Morris.]

had jurisdiction of the parties and of the subject-matter of the litigation for and on account of a breach of warranty in said deed from plaintiff to said King. And plaintiff avers that he duly notified defendant of the existence of said suit, and called upon defendant to defend the same, and requested defendant to furnish counsel in its defense. And plaintiff would further show that the trial of said case between him and said King resulted in a verdict and judgment in favor of the said King and against the plaintiff for and on account of a breach of warranties of title as to said 120 acres specifically described in count 1, and that in the trial of the said cause that said W. H. Morris, plaintiff herein, claims said lands solely under his deed from defendant, and that at the time of the execution of the deed by defendant herein to the plaintiff herein the said William Garner had no right, title, or interest in and to the said 120 acres specifically set forth in count 1. And plaintiff avers that said Garner, under the facts herein, is concluded by said judgment of the circuit court of Geneva county as respects to title to the 120 acres of land. And plaintiff avers that said Garner failed and refused to defendant said cause, and that plaintiff was compelled to and did employ counsel in defense of the same, and that plaintiff incurred expense of $150 therefor, a reasonable fee therefor is $150, and that the costs of the court for which plaintiff is liable in said suit is $41.03, all of which, in addition to the amount claimed in counts 1 and 2, is due plaintiff herein by defendant.

The following charges were given for plaintiff:

(1) If the jury believe from the evidence that Wynn claimed 920 acres in his home place, although he may not in fact have owned it, then you should find for plaintiff

(2) If the jury believe from the evidence that Morris bought the land from Garner which is in dispute, and that he paid him for it by the acre, and that it was agreed and understood that there were 920 acres, and they further believe that Garner kept and retained the money, then plaintiff would be entitled to recover.

The following charge was refused to defendant:

(C) If the jury believe the evidence, they will not find for plaintiff as to the item of $150.

H. L. MARTIN, for appellant. The demurrers to the first count should have been sustained.—*Copeland v. McAdory,* 100 Ala. 556; *Prestwood v. McGowan,* 128 Ala. 273. The court erred in striking defendant's pleas. —*Wefel v. Stillman,* 151 Ala. 249; *Dalton v. Bunn,* 137 Ala. 175. The deed was not admissible because it showed a description not found in the complaint.— *Lyles v. Ratchford,* 88 Ala. 398; 81 Ala. 409; 65 Ala. Under the fact the acceptance by plaintiff of the deed was a complete ratification or execution of the bond for title contract.—*Carter v. Beck,* 40 Ala. 599. The sale was in gross and not by the acre.—86 Ala. 228. Parol evidence was not competent to vary, contradict or explain the description in the deed.—*Winston v. Browning,* 61 Ala. 82; *Hess v. Cheney,* 83 Ala. 254. The description by the home place must govern where the government subdivision numbers fail to correspond.—*Pendry v. Godwin,* 175 Ala. 407; *Kyle v. McKenzie,* 94 Ala. 238; *Carter v. Beck, supra.* The warranty did not extend to lands which though particularly described, had never belonged to the person named as the former owner.—*Seymour v. Williams,* 139 Ala. 416fi, and authorities supra. See, also, *Sykes v. Sholl,* 74 Ala. 384; *Wright v. Wright,* 34 Ala. 197. The court erred in giving charge 1 for defendant.—Authorities supra.

[Garner, et al. v. Morris.]

W. O. MULKEY and J. F. JOHNSON, for appellee. Both counts of the complaint stated a good cause of action. —5 Enc. of P. & P. 374, and authorities cited by appellant. Garner was concluded on the question of title by the judgment rendered in the former suit against Morris and Morris was entitled to his proper expenses incurred in defending the suit.—*Chestnutt v. Tyson,* 105 Ala. 162; 11 Cyc. 1157. Defendant had the advantage in the trial of the facts set up by the stricken pleas, and there was no injury resulting therefrom. Under the evidence plaintiff was clearly entitled to the affirmative charge, and hence, any errors which intervened were harmless to defendant.—*Guilmartin v. Wood,* 76 Ala. 204; 13 Cyc. 628; 155 Ill. 514. Garner is estopped to allege that the lands in question were not owned by Wynn.—*Falls v. B. & L. Co.,* 97 Ala. 417; *Pratt v. Nixon,* 91 Ala. 192; *Elliott v. Dycke,* 78 Ala. 150; Bigelow on Estoppel 374; 65 Mo. 425; *Chestnutt v. Tyson, supra.*

ANDERSON, C. J.—Counts 1 and 2 of the complaint are for a breach of covenant of seisin as distinguished from covenants for quiet enjoyment and of warranty of title.

"In declaring a breach on a covenant of seisin, or of good right to convey, all that is necessary is to negative the words of the covenant generally; but, as we have seen, this is not sufficient in declaring on the covenants for quiet enjoyment and of warranty of title."—*Prestwood v. McGowin,* 128 Ala. 267, 29 South. 386, 86 Am. St. Rep. 136; *Copeland v. McAdory,* 100 Ala. 559, 13 South. 545.

"Assignment of breach of covenant of seisin need not specify in what respect the title was defective. It is sufficient to show that the defendant had no title or

right to convey at the time of making the deed."—5 Am. & Eng. Ency. of Pl. & Pr. p. 374, par. 4.

The trial court did not err in overruling the defendant's demurrers to said counts 1 and 2.

Count 3 of the complaint sets up a claim for special damages in defending a suit involving the title to and possession of the land in question, and the averments thereof conformed to the rule as applicable to such suits as laid down by this court in the case of *Chestnut v. Tyson,* 105 Ala. 162, 16 South. 723, 53 Am. St. Rep. 101.

The defendant's pleas were manifestly bad, or the defense attempted was provable under the general issue; but, whether all of them were provable under the general issue or not, the defendants were given leave to plead in short and by consent all matter that should be specially pleaded, and the record shows that they were permitted to introduce in evidence the matter set up in said special pleas. If there was any error in striking said pleas, it was error without injury.

The deed from Garner to the plaintiff included by proper description, as per the government numbers, the land in question, and, while the land as conveyed was subsequently designated as "the home place formerly owned by R. W. Wynn, deceased," these were but general words of description and cannot override a particular description.

"It is a principle long and well settled that where a conveyance describes the premises by clear and definite metes and bounds, from which the boundaries can be readily ascertained, such description shall prevail, and determine the boundaries and location, over general words of description. * * * The presumption is the grantor intended to convey the land thus particularly and clearly designated. This presumption may be rebutted in a court of equity, but is conclusive in a court of law."—*Guilmartin v. Wood,* 76 Ala. 204.

[Garner, et al. v. Morris.]

The trial court did not err in admitting the deed in evidence, because of the defendants' contention that it did not include the land in question, and was confined to what land was owned by and actually constituted the home place of R. W. Wynn at the time of his death.

The trial court could have well excluded all of the defendants' evidence which tended to override or contradict the special description of the land; but as much latitude was given the defendants, by permitting them to introduce evidence tending to override said special description and to show that it was not the intention of the grantor to include the land in question in the deed, the plaintiff had the right to rebut this, and the fact that the bond for title included all the land as described in the deed, and which was not therein designated as the Wynn home place, was some evidence that the parties did not contract for any less land than what was described in the bond for title. It was permissible, also, for the plaintiff to show that the price was fixed by the acre, and not in bulk, regardless of the number of acres, as the correspondence between the amount per acre and the consideration paid would be a circumstance for the consideration of the jury in determining the number of acres the parties intended should be included in the deed. Nor was there error in permitting the plaintiff to show that R. W. Wynn mortgaged the land in question, as this was some evidence that he was claiming it, whether he had a good title to it or not, and that he regarded it as a part of, or belonging to, his home place, and which had a tendency to harmonize the general and special descriptions in the deed.

There was no error in giving charges 1 and 2, requested by the plaintiff. If they are faulty, it is because they were too favorable to the defendant by hypothesizing needless facts, as Garner was bound, in law, by the de-

[Garner, et al. v. Morris.]

scription of the land and the number of acres sold, whether Wynn owned it or claimed it or not.

There was no error in refusing charge C, requested by the defendant. The plaintiff testified that he was to pay $150 attorney's fees; but it may be that he should not have recovered over $75, as the proof shows that said last sum was a reasonable fee, yet charge C is so worded as to be misleading, and might convey the idea to the jury that they could not award the plaintiff anything under the item of the complaint claiming attorney's fees. It does not instruct that the jury cannot award the plaintiff $150, or over $75, or only what the proof shows was a reasonable fee, but in effect charges that the plaintiff cannot recover under the item for attorney's fees, or that he was not entitled to recover any attorney's fees; yet, if not entitled to recover the $150, he was entitled to recover a less sum under the item claiming $150, and which was the only item in the complaint claiming attorney's fees.

The judgment of the circuit court is affirmed.

Affirmed.

MAYFIELD, SOMERVILLE, and GARDNER, JJ., concur.