(80 South. 811)
### PIEME v. ARATA. (1 Div. 19.)

(Supreme Court of Alabama. Jan. 23, 1919.
Rehearing Denied Feb. 13, 1919.)

1. EVIDENCE ☞452—LATENT AMBIGUITY IN DEED—PAROL EVIDENCE.

Deed containing specific description of property as having a frontage of a certain number of feet and inches, and referring to the property as the same property conveyed by a prior deed, giving the same frontage, contains no latent ambiguity, and parol evidence was inadmissible to explain or vary description.

2. EVIDENCE ☞460(2)—PAROL EVIDENCE—VARYING DESCRIPTION.

While parol evidence is admissible to explain uncertainty in description, it is inadmissible to vary or contradict the plain language of a written instrument.

3. EVIDENCE ☞450(3)—PAROL EVIDENCE—VARYING DESCRIPTION IN DEED.

Where originally strip of land in controversy belonged to lot described in deed to deceased as having a frontage of 69 feet 9 inches, and deed by deceased's executors to plaintiff expressly recites the same frontage, and that the property is the same as that conveyed to deceased, parol evidence that, by reason of change of division fence by deceased, lot conveyed to plaintiff has a frontage of only 63½ feet, is inadmissible.

4. TRIAL ☞11(2) — TRANSFER TO EQUITY — GROUNDS.

In ejectment to recover a strip of land included in plaintiff's lot by description in her deed, demurrer was properly sustained to defendant's motion to have the case transferred to the equity docket, under Acts 1915, p. 830, where it was not made to sufficiently appear that there was such a mutual mistake of all the parties as to authorize reformation.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Ejectment by Catherine Arata against against Henry F. Pieme. Affirmative charge was given in favor of plaintiff, and from the judgment rendered thereon defendant appeals. Affirmed.

Suit in ejectment by appellee against appellant for the recovery of a certain strip of real estate, about 6 feet and 3 inches in width, fronting on the east side of North Lawrence street, in the city of Mobile. The affirmative charge was given in favor of the plaintiff, and from the judgment rendered the defendant prosecutes this appeal.

At the time of her death, and for many years prior thereto, Laura G. Danne owned the property on the east side of Lawrence street between Dauphin and St. Francis streets, known as Nos. 10 and 12 North Lawrence street. Each of these lots contains a two-story residence, and is inclosed by fences, and the premises so arranged that a strip on the south side of each lot is used as a

driveway going from Lawrence street to the rear to enable the occupants of the respective buildings to reach the garage, etc. The frontage of the property known and treated as No. 10 North Lawrence street, as inclosed by fences at the time of Mrs. Danne's death, was 63 feet and 6 inches, and that of the adjoining lot, known as No. 12, as inclosed by fences, was 44 feet and 9 inches. In June, 1916, the executors of the last will of Laura G. Danne conveyed to the plaintiff, Catherine Arata, she being the highest bidder therefor, after having by proper proceedings obtained an order to that effect from the probate court of Mobile county, the following described property:

"All that real property in the city and county of Mobile, state of Alabama, described as follows, to wit: That certain lot or parcel of land, with the frame dwelling thereon, situate on the east side of Lawrence street, between Dauphin and St. Francis streets, opposite the old No. 8 engine house, having a front on the east side of Lawrence street of sixty-nine ·feet nine inches, and extending back eastwardly with even width one hundred ten feet four inches; bounded on the north by lands belonging to the estate of Laura G. Danne, deceased, and property now or late of Glennon; on the east by lands now or late of Richard; south by lands now or late of McCarty; and west by Lawrence street; being known as No. 10 North Lawrence street, and being the same property conveyed to Laura G. ·Danne by Sophia Frolichstein and William Frolichstein, by deed dated December 18, 1901, and recorded in the office of the probate judge of Mobile county, Alabama, in Deed Book 99 N. S., pages 32, 33."

This deed was executed June 13, 1916, and duly recorded the following day.

Subsequent to the purchase by said plaintiff, on January 8, 1917, the devisees under the will of Laura G. Danne conveyed to the defendant, Henry F. Pieme, the adjoining property, known and called No. 12 North Lawrence street, and in the particular description therein gives the frontage along Lawrence street as 44 feet and 9 inches. At the time of the purchase by the plaintiff she went into possession of the property known as No. 10 North Lawrence street, as inclosed by fences, and did not discover until a few months afterwards that she had not acquired the entire property as described in her deed—that is, the 6 feet and 3 inches which lies north of the division fence, and which embraces a part of the driveway going to the rear of the premises of No. 12 North Lawrence street.

Laura G. Danne acquired both pieces of property—Nos. 10 and 12 North Lawrence street—in 1901 from one Frolichstein; the two pieces of property being conveyed in the same instrument, but as separate parcels or lots. That conveyed to plaintiff was described in the deed of Laura G. Danne from Frolichstein as follows:

"That certain lot or parcel of land, with the frame dwelling thereon, situate on the east side of Lawrence street, between Dauphin and St. Francis streets, opposite the old No. 8 engine house, having a front on the east side of Lawrence street of sixty-nine feet and nine inches, and extending back eastwardly, with even width, one hundred and ten feet and four inches, bounded on the north by lands hereinafter described and property of Glennon, on the east by lands of Richards, south by land of McCarty, and west by Lawrence street, and being same property conveyed to these grantors by deed of record in Deed Book No. 55, N. S., page 115, Mobile county records."

The description in this deed of the lot subsequently conveyed to the defendant recited a frontage of 35 feet on the east side of North Lawrence street.

It is further shown by the evidence that the strip of land in dispute originally belonged to the property known as No. 10 North Lawrence street; but that subsequently Laura G. Danne, being the owner of both pieces of property, built the fence—as the same stood at the time of her death—so as to add to No. 12 the strip of land here sued for, being a part of the driveway.

When the case was called for trial the defendant filed a motion to have the cause transferred to the equity docket, under the act of the Legislature approved September 28, 1915. This motion set out, in substance, the facts as above stated, with additional averments, and seems to have been based upon the theory that the defendant would be entitled to have a reformation of the deed to Catherine Arata, or "probably, more properly speaking, a proceeding in the nature of one to construe the description contained in the said deed to Catherine Arata." Demurrer to this motion was sustained.

Stevens, McCorvey & McLeod, of Mobile, for appellant.

Gregory L. & H. H. Smith, of Mobile, for appellee.

GARDNER, J. The deed to the appellee, plaintiff in the court below, contains a specific description of the property as having a frontage of 69 feet and 9 inches on the east side of North Lawrence street, and also refers to the same as being the property conveyed to Laura G. Danne by the Frolichsteins in 1901, and by reference to this deed the frontage is likewise there given as 69 feet and 9 inches.

It appears without dispute that originally the strip of land here in controversy was a part of No. 10 North Lawrence street, but after the purchase of the same by Laura G. Danne she moved the division fence so as to give more room for a driveway to the adjoining property (No. 12), which she also owned.

[1] Counsel for appellant insist that the description in this deed gives rise to the principles governing latent ambiguity, and authorizes the introduction of parol proof to show the intention of the parties, and to explain and make more clear the meaning of that part of the description of the property "known as No. 10 North Lawrence street"; while counsel for appellee insist that the conveyance by clear, definite, and certain description by metes and bounds determines the location of the boundaries, and that such a specific description must prevail over general words of description—citing Sikes v. Shows, 74 Ala. 382; Garner v. Morris, 187 Ala. 658, 65 South. 1000.

Upon consideration, however, we are of the opinion that we do not, in the instant case, reach the question treated in these authorities, as we are not persuaded that there is here presented such a case of latent ambiguity as to admit parol proof as contended for by the defendant.

[2] The question of patent and latent ambiguity was treated with much clearness in the well-known case of Chambers v. Ringstaff, 69 Ala. 140; and it is made clear that in such cases the parol proof is admissible by way of explanation of uncertainty in the description given, but it is of course inadmissible to vary or contradict the plain and express language of the written instrument. Such was the holding in the case of Foster v. Carlisle, 159 Ala. 621, 48 South. 665, wherein it was said:

"It is well settled that, where the description of property in a deed is unambiguous, parol evidence is not admissible to show a different subject-matter of conveyance to that and as described."

And to like effect is the language used in Garner v. Morris, supra, where it was said:

"The trial court could have well excluded all of the defendants' evidence which tended to override or contradict the special description of the land."

See, also, 7 Mayfield Digest, pp. 335-6, and authorities there cited.

This is of course elementary and well understood, and needs only to be applied to the instant case.

[3] It is without dispute that originally the strip of land here in controversy belonged to what is referred to and known as No. 10 North Lawrence street, and the deed to Laura G. Danne recites that said property had a frontage of 69 feet and 9 inches. Defendant insists that the property as inclosed by fences at the time of the death of Laura G. Danne, and at the time of the sale of the same, had a frontage of only 63 feet and 6 inches. The deed to the plaintiff expressly recites a frontage of 69 feet and 9 inches on the east side of North Lawrence street, as was originally stipulated in the conveyance to Laura G. Danne, and then the deed further recites that this is the property "known as No. 10 North Lawrence street." In other words, the

deed to the plaintiff says, in effect, that No. 10 North Lawrence street has a frontage on Lawrence street of 69 feet and 9 inches, and the proof shows that previously such was unquestionably the case. The defendant now desires to show by parol that No. 10 North Lawrence street, by reason of the change of the division fence, has a frontage of only 63 feet and 6 inches. But this would not be by way of explanation or of "clearing up" of any uncertain language used in the deed, but it would, it seems to us, be in direct contradiction of the description in the deed. This, as disclosed above, of course, is not permissible under our authorities. We are therefore of the opinion that there was no error in the rulings of the court of which defendant can complain.

[4] Demurrer was sustained to the motion of the defendant to have the cause transferred to the equity side of the docket, and this ruling is here assigned as error. Acts 1915, p. 830.

Counsel for appellee insist, in the first place, that the sufficiency of the motion could not be rested upon a reformation of the deed to the plaintiff, as it involves a judicial proceeding (citing Stephenson v. Haines, 131 Ala. 470, 31 South. 445; Goulding v. Blanchard, 178 Ala. 298, 59 South. 485; Stewart v. Wilson, 141 Ala. 408, 37 South. 550, 109 Am. St. Rep. 33); and it is further insisted that, in any event, the deed could be reformed only to express the intent of both parties to the conveyance (Holland v. Barclay, 193 Ala. 204, 69 South. 118, among other authorities).

This latter insistence, without reference to the first, suffices, in our opinion, to sustain the ruling of the court; for it is not made to sufficiently appear that there was such a mutual mistake of all the parties to the conveyance as to authorize its reformation in a court of equity.

We find no error in the record, and the judgment must be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.