## 11188

### McINTYRE v. CAMERON

### (117 S. E., 515)

1. Logs and Logging—Record of Plat Referred to in Deed, with
   Deed, Estops Assertion by Grantee of Title to Timber Described
   as Reserved in Plat.—Where the deed granting right to cut timber,
   after describing the tract on which the timber was located, provided
   "for a more particular description see plat made by * * * which
   is duly recorded in the Clerk of Court's office for F. county," *held*,
   that, if the plat to which reference was made had been recorded
   with the deed, defendant claiming under grantee would have been
   estopped from claiming timber reserved in the plat.

2. Trial—Whether Particular Facts are Sufficient to put Rea-
   sonably Prudent Men on Inquiry Question for Jury.—The
   question whether facts are circumstances of a particular case are
   sufficient to put a reasonably prudent man on inquiry presents a
   question of fact for the jury, not of law for the Court.

3. Trial—Motion for Directed Verdect Improper, until all Ev-
   idence to be Submitted is in.—A motion for a directed verdict
   cannot properly be made until all the testimony on both sides,
   which is to be submitted to the jury, has been introduced.

Before W. C. COTHRAN, special Judge, Florence.
Spring Term, 1922. Reversed.

Action by Mary B. McIntyre against A. Cameron.
From order of nonsuit both parties appeal.

This is an action for damages for the cutting of tim-
ber.

At the close of the testimony, the defendant made a
motion for a directed verdict, which was refused, but his
Honor, the presiding Judge, on his own motion, ordered a
nonsuit.    Both the plaintiff and the defendant appealed.

The complaint is as follows:

"(1) That plaintiff is now and was at the times here-
inafter alleged seized and possessed of all that certain plan-
tation or tract of land in said county and state, containing
495 acres, more or less, bounded north by lands of Mrs.
James Gibson, Mrs. Hanes, and Mrs. Nathan Gibson, east
by lands of Mrs. Nathan Gibson and lands of Kennedy,

south by the run of Boggy Branch and lands of Frank Gregg, and west by the run of Mill branch.

"(2) That on October 19, 1917, the plaintiff conveyed to one O. G. Minshew: All of the pine, poplar, and cypress timber, both standing and fallen, 10 inches in diameter and upwards at the stump, 12 inches from the ground at the time of cutting, on that certain tract of land in the county and state aforesaid, containing 500 acres, more or less, bounded north by the estate of James S. Gibson, lands of Alex Calcutt, Liberty Chapel lot, and lands of A. H. Brown, east by lands of A. H. Brown, F. M. McCarkle, and Jesse Hampton, south by lands of Jesse Hampton and A. N. W. Gregg, and west by run of Mill branch dividing said tract from lands of P. Bartley, O. S. Gregg, and Joseph Holland. For a more particular description see plat made by J. M. Johnson, C. E., October, 1917, which said plat is duly recorded in the clerk of Court's office, for Florence county.

"(3) That there was excepted and reserved from the operation of the above trade, such reservation being well understood between the parties, and being specifically noted on the plat of J. M. Johnson, C. E., to which reference was craved for a more particular description, a tract of timber on the east side of said plantation containing 77.7 acres, bounded north by lands of Mrs. Nathan Gibson, east by lands of Mrs. Nathan Gibson and lands of Kennedy, south by the run of Boggy Branch and west by the remainder of above described land. That such reservation was made for the purpose of leaving a supply of timber for the use of the said plantation, and it was specifically understood by and between the said O. G. Minshew and the plaintiff that such timber was excepted from the operation of the conveyance hereinabove set forth.

"(4) That subsequently, to wit, on January 26, 1918, the said O. G. Minshew conveyed the above-described timber to the defendant and the defendant acquired his title,

subject to the above-stated reservation of which he had both actual and constructive notice.

"(5) That during the year 1920, the defendant entered upon the above-described lands for the purpose of cutting the timber owned by him. That among other things he prepared to enter the reserved area, and to cut therefrom the timber and trees of the plaintiff, and that plaintiff thereupon, through her agents and servants, protested against the cutting of any of such timber. That, notwithstanding such protest, the defendant in a high-handed manner, negligently, willfully, and wantonly demanded the reserved area of the timber and trees of the plaintiff, and appropriated them to her own use, to her great damage. * * * "

The answer of the defendant was as follows:

"(1) Admits paragraphs 1 and 2 and so much of paragraphs 4 and 5, as alleges the conveyance to the defendant of the timber described in paragraph No. 2 of the complaint, and the entry on such lands for the purpose of cutting the timber owned by him.

"(2) Alleges that there was no reservation or exception of any kind, either in the deed made by plaintiff to O. G. Minshew, or in the deed made by O. G. Minshew, to the defendant, and that the plat referred to in connection with the description, contained in the deed made by plaintiff, was never recorded in the clerk's office for Florence county, and was never shown to defendant until long after his purchase of the timber and his entry on the lands, for the purpose of cutting said timber.

"(3) Defendant further alleges that he has no knowledge or information sufficient to form a belief as to any agreement or understanding between plaintiff and the said O. G. Minshew, other than the provisions of the agreement contained in the timber deed made by the plaintiff, and that no understanding or agreement not contained in such timber deed, would in anywise restrict or affect the rights

acquired by the defendant under the conveyance of such timber, made to him by the said O. G. Minshew.

"(4) Defendant denies each and every allegation in the complaint hereinbefore specifically admitted."

O. G. Minshew thus testified:

"I live at Marion, S. C., am the grantee in the deed from Mary B. McIntyre to O. G. Minshew, and sold the timber to Mr. Cameron. Mr. Cameron made an investigation of this timber before its purchase, by walking over the land and looking at the lines, and through the timber. This was before Mr. Cameron purchased the timber.

"Q. What lines did you show Mr. Cameron at the time? (Objected to on the ground that the boundaries are set forth in the deed, and that no oral testimony should be allowed to change the deed.)"

After an extended discussion on both sides, as to the admissibility of the testimony, the Court ruled:

"I am going to hold that the deed stated a definite number of acres, and referred to a certain quality of timber on that tract of land. Any separate agreement that was entered into, or spoken of between the parties, before the execution of this contract, is deemed to have been merged into the contract, and I will disallow any testimony tending to vary the terms of that contract—any essential feature of the contract, such as the acreage embraced in the deed upon which the timber was growing. If there had been an independent contract which was not vital to the written agreement, then parol testimony would be competent to show that; but here the testimony is on a most vital subject, which is the number of acres upon which the conveyed timber grew."

The following ruling also gave rise to these exceptions:

"Mr. Woods: Where the deed here refers to a more particular description to be found in the plat, we would ask your Honor, what would be your ruling in reference to the plat there referred to?

"The Court: I am going to hold, in regard to that, that the deed provides that for a more particular description—see plat made by J. M. Johnson, civil engineer, October 17, 1917, which said plat is duly recorded in the clerk of Court's office for Florence County, etc. I am going to hold that that reference to see a more particular description was the survey by metes and bounds of the tract of land which contains 500 acres more or less; that it was the duty of the grantee to look in the clerk's office for this plat, but that his duty did not extend further than that. When he looked in the clerk's office and found it was not recorded, or if he knew before hand that the plat was not recorded, the law would not require him to do a futile thing, and if he new beforehand that it was not recorded, it was not his duty to look.

"Mr. Woods: In order to keep the record straight I ask your honor to allow me to ask Mr. Minshew some questions which would not be competent under your Honor's ruling.

"Q. Did you show Mr. Cameron the timber you sold him? A. Yes.

"Q. Did you show him the lines of the timber you sold him? A. Yes.

"Q. Was there a line blazed through the woods on the edge of a field in this McIntyre land? A. There was.

"Q. Did you explain to Mr. Cameron the meaning of that line? (Objected to. Objection sustained.)"

The plaintiff's exceptions are as follows:

"Because his Honor erred, it is submitted, in holding that he would rule out, and in ruling out all testimony tending to explain the actual trades, between O. G. Minshew and Mary B. McIntyre, and A. Cameron and O. G. Minshew, and what had occurred between the several parties prior to their respective purchases, it being respectfully submitted that the grant under which defendant claimed, on its face having called for a more particular description, gave rise

to an ambiguity which controlled the general description, and it was error to allow any explanation whatever of such particular description.

"Because his Honor erred, it is submitted, in excluding from evidence plat of J. M. Johnson, C. E., when offered by plaintiff, and in holding 'that it was the duty of the grantee to look in the clerk's office for this plat, but that his duty did not extend further than that. When he looked in the clerk's office and found it was not recorded, or if he knew beforehand that the plat was not recorded, the law would not require him to do a futile thing,' it being respectfully submitted that the plat, though a separate paper, was a part of the deed which referred to it, and the grant under which defendant claimed, having referred to a specific plat for a more particular description of the property conveyed, put defendant either on actual notice or sufficient notice to impose the obligation of inquiry of the existence of a plat, and is sufficient to bind him, irrespective of whether the plat in question was recorded.

"Because his Honor erred, it is submitted, in refusing to allow the plaintiff to prove by O. G. Minshew, that he knew the timber in the reserved area had not been conveyed to him, and that he so informed defendant, and pointed out to him on the ground, the division line, before the defendant purchased, the error being that the deed from McIntyre to Minshew was ambiguous, and this action of Minshew was a construction of such deed by the grantee therein, which was binding on him and his grantee, the defendant in this action."

*Messrs. M. C. Woods* and *Henry E. Davis,* for plaintiff, cite: *Plat referred to in deed admissible to show what was actually conveyed:* 18 C. J., 282; 8 Rich., 315. *Duty of grantee to have deed and plat recorded:* 89 S. C., 454; 109 S. C., 35. *Defendant as purchaser should have ascertained facts of the situation of parties when he purchased:* 98 S. C., 8. *Latent ambiguity raises question of fact for jury:*

92 S. C., 65; 112 S. C., 113. *Construction by party of rights under a deed is material:* 98 S. C., 234; 92 S. C., 65. *Motion for directed verdict can come only at close of case:* 91 S. C., 523.

*Messrs. Whiting & Baker,* for defendant, cite: *Deed without ambiguities speaks for itself:* 8 R. C. L., 1093. *Exception in a deed must be described with particularity:* 42 Am. Rep., 353. *Plat not attached does not aid description in deed:* 3 L. Ed., 260. *Description by monuments and boundaries will not be restricted or enlarged by reference to grantors title deeds:* 30 Vt., 118; 2 Met., (Mass.), 41; 5 Met., 161; 10 Met., 250; 20 Me., 61; 7 Me., 366. *Deed construed strongly against grantor:* 9 Cyc., 590; 17 S. C., 532; 2 Strob., 156. *Exception in deed is taken favorably to grantee:* 4 A. & E. Enc. L., 801. *General rules in construction of deeds:* Ann. Cas., 1913-B 407; 20 Pac., 566; 7 Me., 366; 90 Me., 528; 85 Me., 210; 89 Am. Dec., 131; 8 Rich., 315; 2 Mills Const. Rep., 9; 82 S. C., 454; 53 S. C., 94.

April 12, 1923.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

It will not be necessary to consider these exceptions in detail.

We do not deem it necessary to cite authorities to sustain the proposition, that if the plat to which reference was made in the descriptive portion of the deed had been recorded with the deed, the defendant would be estopped from claiming the timber on the land, described as a reservation in the plat.

The question whether the facts and circumstances of a particular case are sufficient to put a reasonably prudent man on inquiry, which, if pursued with due diligence, would lead to knowledge of the unknown fact, presents a question of fact for the jury, and not a

question of law for the Court. *McGee v. French*, 49 S. C., 454; 27 S. E., 487. *Wood v. Victor Mfg.*, 66 S. C., 482; 45 S. E., 81.

These exceptions are sustained.

The defendant's exception is as follows:

"Because his Honor erred, it is respectfully submitted, in refusing defendant's motion for a directed verdict, in favor of defendant, upon the close of plaintiff's testimony, and granting in lieu thereof a nonsuit."

A motion for the direction of a verdict cannot properly be made until all the testimony on both sides, which is to be submitted to the jury, has been introduced. *McCown v. Muldrow*, 91 S. C., 523; 74 S. E., 386, Ann. Cas., 1914A, 139. This exception is therefore overruled.

Reversed.

MR. JUSTICES WATTS and FRASER concur.

MR. JUSTICE COTHRAN, (dissenting). Action for $2,-900 damages, alleged to have been sustained by the plaintiff, by reason of the negligent and wanton conduct of the defendant in entering upon certain land, belonging to the plaintiff, and cutting the timber thereon, and appropriating it to his own use.

The defendant admitted the cutting of the timber upon the plaintiff's land and attempted to justify his conduct by a claim of right to the timber, under a deed therefor from one O. G. Minshew (date not given in the record), who prior thereto, on October 19, 1917, received from the plaintiff a deed therefor.

There is no question but that the deed from Mrs. McIntyre (the plaintiff), to Minshew, upon its face, conveyed to him all of the timber of stated description on the entire tract of land which belonged to the plaintiff, containing 500 acres more or less bounded as stated with particularity, in the deed. It is equally beyond question that the deed from Minshew to Cameron (the defendant), upon

16—S. C.—124

its face, conveyed to him the same timber in as ample terms.

The contention of the plaintiff is in effect that, although the deed from Mrs. McIntyre to Minshew is in as ample terms as stated, the contract between them was that a certain particularly well-wooded portion of the 500-acre tract, containing 77.7 acres, should be reserved; that the right to cut the timber upon that reservation was not conveyed to Minshew and could not be conveyed by him to Cameron.

The plaintiff endeavored to sustain this contention by offering in evidence a certain plat, referred to in the deed to Minshew which represented a survey of the 500 acres, and particularly delineated the reservation of the 77.7 acres of woodland; also evidence tending to show that, before the teed to Minshew was delivered, the contract between him and Mrs. McIntyre expressly excluded this area, and that, before the deed to Cameron was delivered, Minshew carried him out upon the land and pointed out specifically a blazed line, separating the excluded area from the remainder of the tract.

The presiding Judge, upon objection, excluded all this evidence as tending to vary the terms of the deed from Mrs. McIntyre to Minshew, holding:

"Any separate agreement that was entered into or spoken of between the parties before the execution of this contract is deemed to have been merged into the contract, and I will disallow any testimony tending to vary the terms of that contract, any essential features of the contract, such as the acreage embraced in the deed upon which the timber was growing. * * * Here the testimony is on a most vital subject, which is the number of acres upon which the conveyed timber grew. That, as I conceive it, is such an essential part of the contract—in fact, it is the contract itself —that I will have to exclude any testimony tending to vary that."

At the close of the testimony of the plaintiff the defendant made a motion for a directed verdict. This the presiding Judge refused, but of his own motion ordered a nonsuit. From the refusal of the motion for a directed verdict the defendant has appealed, and from the order of nonsuit the plaintiff has appealed.

The property conveyed in the deed from Mrs. McIntyre to Minshew was described as follows:

"All of the pine, poplar and cypress timber, both standing and fallen, 10 inches in diameter and upwards at the stump, 12 inches from the ground at the time of cutting, on that certain tract of land in the county and state aforesaid, containing 500 acres, more or less, bounded north by the estate of James S. Gibson,, lands of Alex Calcutt, Liberty Chapel lot, and lands of A. H. Brown, east by lands of A. H. Brown, F. M. McCorkle, and Jesse Hampton, south by lands of Jesse Hampton and A. N. W. Gregg, and west by run of Mill branch dividing said tract from lands of P. Bartley, O. S. Gregg, and Joseph Holland. For a more particular description see plat made by J. M. Johnson, C. C., October, 1917, which said plat is duly recorded in the clerk of Court's office for Florence County."

The property conveyed in the deed from Minshew to Cameron was described in the precise terms of the former deed, except that the last clause referring to the Johnson plat was omitted.

Although it is stated in the deed from Mrs. McIntyre to Minshew that the Johnson plat was recorded in the clerk's office, as a matter of fact it was not.

The plaintiff contends that, as the Johnson plat, showing the reservation of the 77.7 acres, was referred to in the Minshew deed, and though a separate paper, it was a part of the deed which referred to it; which reference put the defendant either on actual notice, or sufficient notice to impose the obligation of inquiry, and is sufficient to bind him, irrespective of whether the plat was recorded or not.

Two questions are involved in this appeal:

(1) Whether or not the unrecorded plat, showing upon its face that the 77.7 acres were reserved from the operation of the deed from Mrs. McIntyre to Minshew, was admissible in evidence. (2) Whether or not parol evidence of the reservation of the 77.7 acres in the contract between Mrs. McIntyre and Minshew which preceded the execution of the deed, and of notice by Minshew to Cameron that they were not included in his deed to Cameron was admissible.

As to the first question: It will be observed that the object of this evidence is not to explain, clarify, or modify the description of the land, the timber upon which was intended to be conveyed. That description is as definite and clear as it could be made. There is no controversy between the parties as to it. But the object is to show by the plat, that the timber upon a part of the land actually included in the description, was not intended to be conveyed by it; a matter entirely distinct from any controversy as to the description and tending directly to impeach the very terms of the deed.

There seems to be no doubt as to the proposition that, when a parcel of land is described with reference to a map or plat, such map or plat becomes, for the purposes of description, a part of the deed, and has the same effect as though incorporated therein. *Board v. Taylor,* 133 Iowa, 453; 108 N. W., 927. *Bank v. Stewart,* 93 Va., 447; 25 S. E., 543. *Cox v. Hart,* 145 U.S., 376; 12 Sup. Ct., 962; 36 L. Ed., 741. *Jefferis v. Land Co.,* 134 U. S., 178; 10 Sup. Ct., 518; 33 L. Ed., 872. *Neumeister v. Goddard,* 125 Wis., 82; 103 N. W., 241. *Wooten v. Solomon,* 139 Ga., 433; 77 S. E., 375. *Thompson v. Hill,* 137 Ga., 308; 73 S. E., 640. *Hale v. Swift* (Ky.), 63 S. W., 288. *Lodge v. Lee,* 6 Cranch, 237; 3 L. Ed., 210. *Edmunds v. Barrow,* 112 Va., 71 S. E., 544. *Tilley v. Malcolm,* 149 Ga., 514; 101 S. E., 127. 3 *Dev. Real Est.,* § 1020. *Quade v. Pillard,* 135 Iowa, 359; 112 N. W., 646; 13 Cyc., 634.

*Elizabeth City v. Commander,* 176 N. C., 26; 96 S. E., 736.
*Lagorio v. Lewenberg,* 226 Mass., 464; 115 N. E., 979.
*Boston Co. v. Boston,* 127 Mass., 374. *Downey v. Hood,*
203 Mass., 4; 89 N. E., 24. *Lantz v. Howell,* (N. C.),
107 S. E., 437.

"We do not doubt, that, by a proper reference of one
deed to another, the description of the latter may be con-
sidered as incorporated into the former, and both be read
as one instrument for the purpose of indentifying the thing
intended to be conveyed." *Everitt v. Thomas,* 23 N. C.,
252.

"When a recorded plat is referred to in a deed as related
to the matter of description, unless controlled by other facts
or circumstances, such plat is to be considered as furnishing
a true description of the property." *Quade v. Pillard,* 135
Iowa, 359; 112 N. W., 646.

But it is an entirely different matter to permit a plat
to be introduced not to explain some ambiguity or uncer-
tainty in the description, but to limit the express written
terms of the description.

"A reference to a plat, however, is for the purpose of
description and cannot be resorted to to enlarge or diminish
the effect of the words of conveyance in the deed." 18
C. J., 283. *Kenyon v. Nichols,* 1 R. I., 411.

As to the second question: In *Martin v. LaBoon,* 116
S. C., 108; 107 S. E., 323, this Court, as lately as May,
1921, held:

"Nor can parol evidence be allowed where it 'relates
to the very important particular, the description of the
thing to be conveyed'"—citing *Hyde v. Cooper,* 13 Rich.
Eq., 250. *Church v. Farrow,* 7 Rich. Eq., 378. *Mims v.
Chandler,* 21 S. C., 480. *Kennedy v. Gramling,* 33 S. C.,
367; 11 S. E., 1081; 26 Am. St. Rep., 676.

"It is well settled that, where the description of property
in a deed is unambiguous, parol evidence is not admissible
and as described; but, if the description is ambiguous—may

to show a different subject-matter of conveyance to that be referred to different properties—among other proper evidences of ambiguity, parol evidence is admissible to identify the property intended to be conveyed." *Foster v. Carlisle*, 159 Ala., 621; 48 South., 665.

The right of the plaintiff to a reformation of the deed which he executed to Minshew and the deed which he executed to Cameron is not involved in this appeal and will not be discussed.

I think that the presiding Judge properly ordered a nonsuit instead of directing a verdict for the defendant, as the latter course would have precluded the possible right of the plaintiff to a reformation of the deeds.

MR. JUSTICE MARION concurs.